UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | September 6, 2017 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cv-1703 |
| CASE NAME: | The Estate of Laliah Swayzer, *et al.* v. David A. Clarke, Jr., *et al.* |
| NATURE OF HEARING: | Rule 16 Scheduling Conference |
| APPEARANCES: | Christopher Katers – Attorney for the plaintiffs |
| | David Lang – Attorney for the plaintiffs |
| | Douglas Knott –Attorney for the county defendants |
| | Jill Munson – Attorney for Armor Correctional Health Services |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 11:19 a.m. – 12:20 p.m. |
| HEARING: | Status conference set for December 6, 2017 at 8:30 a.m. by Telephone |

    The court noted that counsel for the county defendants had filed comments about the plaintiffs' Rule 26f plan. The court then turned to the the two pending motions. In July, defendant Armour had filed a motion for a protective order; that motion was fully briefed, and the court stated that it would issue a decision shortly. The plaintiffs had filed a motion to seal the second amended complaint, but the deadlines for responding to that motion had not expired, so the court was not in a position to rule on that motion today. The court reminded the parties that they needed to state cause for sealing a document, and it was not sufficient under Seventh Circuit law to state simply that the parties had agreed that a document should be marked "confidential" for discovery purposes.

    The court next addressed the plaintiffs' letter indicating that defendant David Clarke had resigned at the end of August. The county defendants had filed a motion for a protective order, asking the court to order that the plaintiffs could not depose then-Sheriff Clarke. The court recounted that at the hearing in June 2017, the plaintiffs had objected to the county defendants' assertion that then-Sheriff Clarke was a high-ranking official who was not subject to deposition. The court had agreed that that fact was not sufficient to insulate defendant Clarke from deposition, and denied the motion for a protective order. The court had noted then that if defendant Clarke sought to avoid deposition by arguing that he had no information relevant to the case, he could make that argument if and when the plaintiffs sought to depose him. At today's hearing, the court remarked that it appeared that the plaintiffs were under the impression that the court had granted the county defendants' motion for a protective order, when it had not done so.

    Counsel for the plaintiffs indicated that he had, indeed, misunderstood; he stated that he would follow through with a deposition of defendant Clarke.

1

Counsel for the county defendants told the court that he would produce Clarke at an appropriate time, if Clarke had information relevant to this case.

The next issue was the question of the location for depositions. In the plaintiffs' pretrial report, the plaintiffs had stated that under Wisconsin law, a party seeking to depose a witness could depose that witness at any location of the deposing party's choosing. In support of this contention, the plaintiffs also had cited Farquhar v. Sheldon, 116 F.R.D. 70, 72 (E.D. Mich. 1987). The court informed the parties that it had reviewed the Farquhar case and Wis. Stat. §804.05(3)(b), and that neither the case nor the statute said that a deposing party could conduct the deposition anywhere that party chose. The court added that the late Judge Randa had considered this issue, in a case involving the plaintiffs' counsel, and had held that there was no reason to depart from the traditional federal practice that a party seeking to depose a witness should go to that witness to conduct the deposition.

Counsel for the plaintiffs stated that he had proposed conducting all of the depositions at Attorney Katers' office because it was more centrally located, but that he had not received a response to that proposal.

Counsel for Armour told the court that counsel for the plaintiffs frequently demanded that witnesses come to him for deposition, and then litigated the issue when the witness responded that this demand was inconvenient. She told the court that Judge Randa already had ruled on the issue in the Perry v. Wenzel case, and that the plaintiffs' counsel had provided no reason for this court to depart from the traditional rule. Counsel for the county defendants agreed that the traditional rule was for the deposing party to go to the witness being deposed, and emphasized the inconvenience it would case witnesses in this case to have to go to the plaintiff to be deposed.

The court stated that it would not vary from the federal tradition, and ruled that the plaintiffs' counsel would have to go to the witnesses he wanted to depose to conduct those depositions.

Counsel for the plaintiffs argued that in another case regarding an alleged death at the Milwaukee County Jail, there was testimony provided at the inquest that indicated that the Milwaukee County Sheriff's Office had destroyed evidence related to that case. Counsel expressed concern that evidence relating to this case might be destroyed as well. Counsel for the county defendants told the court that the defendants had preserved the evidence from the night in question, and assured the court that all individuals who might have been involved knew that they had the obligation to preserve evidence.

Counsel for Armour asked if the court would allow her time to review the second amended complaint with her client before the court ordered it unsealed. Counsel for the county defendants joined that request. Counsel for the plaintiffs told the court that the second amended complaint should not be sealed. The court allowed the defendants the time they requested to review the second amended complaint, and set deadlines for responding to the motion to seal.

The court told the parties that if they decided at any point that they would like to utilize a magistrate judge to facilitate mediation, they should notify the court by filing a joint motion or by contacting chambers with all parties on the line. The court further encouraged the parties to contact chambers by telephone (with all parties on the line) if they encountered a discovery dispute that did not require them to brief a legal issue. The court told the parties that it would be happy to conduct a telephone hearing at its earliest convenience to assist the parties in resolving that dispute. The court also advised the parties that they could go to the court's website – www.wied.uscourts.gov – to look at its tips and suggestions for practicing in this court. Finally, the court informed the parties that while it was willing to sign agreed protective orders, it would not sign such orders if the orders contained provisions requiring the court to place certain documents under seal. The court holds hearings on any motions to seal that state, as cause, that the document to be sealed is covered by a protective order.

Accordingly, the court **ORDERS** the following:

If they wish to do so, the defendants shall file a response to the motion to seal the second amended complaint (dkt. no. 53) on or before September 18, 2017. If the defendants do not file a response, the court will unseal the second amended complaint.

The parties shall exchange any additional Rule 26(a)(1) disclosures by October 30, 2017.

The plaintiffs shall disclose the identities of expert witnesses, along with reports and supporting documentation, no later than January 25, 2018.

The defendants shall disclose the identities of expert witnesses, along with reports and supporting documentation, no later than April 30, 2018.

The plaintiffs shall identify any rebuttal expert witnesses and disclose their reports no later than June 30, 2018.

The parties shall complete all fact discovery no later than June 25, 2018.

The parties shall complete all expert discovery no later than September 15, 2018.

Any party wishing to file dispositive motions shall do so by October 15, 2018. The response and reply deadlines mandated by the local rules shall apply. The court **ORDERS** that at the time any party files proposed findings of fact, the party shall submit a Word version of those proposed findings of fact to Pepperpo@wied.uscourts.gov.

The parties shall appear for a status conference on December 6, 2017 at 8:30 a.m. by telephone. Parties wishing to appear by phone may do so by calling the court's conference line at 888-557-8511 and using the access code 4893665#.

Dated in Milwaukee, Wisconsin this 2nd day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**