# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF LALIAH SWAYZER, et al.,

        Plaintiffs,

v.                                  Case No. 16-CV-1703

DAVID A. CLARKE, JR., et al.,

        Defendants.

## ORDER

The Honorable Pamela Pepper referred to this court the plaintiffs' expedited non-dispositive motion to compel regarding defendant David A. Clarke, Jr. *See* Civ. L.R. 7(h). Although there is no apparent exigency (discovery does not close until September 2018 (ECF No. 63)), plaintiffs chose to file their motion to compel as an expedited motion under Civil Local Rule 7(h). The consequence was that the parties were held to strict page limits, Clarke had only 7 days in which to respond (which encompassed the Thanksgiving holiday), and the plaintiffs were not permitted to reply.

The plaintiffs ask the court to compel Clarke to answer their Interrogatory No. 6, respond to Request for Production No. 2, verify his interrogatory answers, and confirm whether, based upon the boilerplate objections and references to privilege included in

Clarke's discovery responses, any responsive documents are being withheld from production. (ECF No. 101 at 4.)

This action relates to the medical care provided at the Milwaukee County Jail. Specifically, the complaint alleges that Shade Swayzer was incarcerated at the jail. She gave birth in July 2016, alone in her cell, without medical assistance. The child, Laliah Swayzer, died, allegedly because the defendants failed to provide appropriate medical care.

The plaintiffs' motion states:

> The Interrogatories and RPD served on Clarke sought information related to the officers under his command responsible for Ms. Swayzer and her unborn child during the time period in question, the corresponding policy/procedures that governed those individuals conduct related thereto and Clarke's calendar of activities during varying times in 2016. All Plaintiffs' inquiries are reasonably calculated to lead to the discovery of admissible evidence on their constitutional and *Monell* claims, as well as narrow the issues for trial.

(ECF No. 101 at 2-3.)

Interrogatory No. 6 states: "At the specific time(s) from 2016 forward where six (6) different inmates/detainees at CJF died in-custody, identify your physical whereabouts (e.g.--private residence, out of state conference, presidential campaign trail, on duty at CJF, etc.)." (ECF No. 101-2 at 11.) Initially Clarke did not personally respond to the relevant interrogatory or request for production. Rather, the responses were verified by Inspector James Cox of the Milwaukee County Sheriff's Department.

(ECF No. 101-2 at 15.) The plaintiffs ask the court to compel Clarke to verify the responses.

Clarke revised his responses on November 7, 2017, and this time verified the responses personally. (ECF No. 109-3 at 5.) However, defense counsel did not serve the revised response on plaintiffs' counsel until after the plaintiffs filed their motion to compel. (ECF No. 109, ¶ 6.) Nonetheless, this aspect of the plaintiffs' motion to compel is now moot.

Turning to the substance of the matter, with respect to Interrogatory No. 6 Clarke responded:

> Object to the request as seeking information neither relevant to an issue pertinent to the matter nor seeking information reasonably calculated to lead to the discovery of relevant information. Sheriff Clarke is no longer a proper party defendant, F.R.C.P. 25(d), and his physical location at a particular time is not relevant to any issue in the case. Further object to the request as incomprehensibly vague inasmuch as the identities of the non-party inmates/detainees and/or date is not provided. Without waiving the objections, Sheriff Clarke was speaking to a law enforcement association in the State of Georgia on the date of the Swayzer incident, July 14, 2016.

(ECF No. 109-1 at 6.)

Interrogatory No. 6 does not identify the specific inmates who allegedly died or the dates and times of the alleged deaths. Even if the interrogatory was more specific and provided the missing information, the plaintiffs have failed to show that Clarke's physical location when another inmate died is "relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).

The plaintiffs' bald assertion that their "inquiries are reasonably calculated to lead to the discovery of admissible evidence on their constitutional and *Monell* claims, as well as narrow the issues for trial," is not only insufficient but an incorrect statement of the law. "[T]he oft-cited 'reasonably calculated to lead to the discovery of admissible evidence' language was removed from [Rule 26] through the amendment because it had been used 'by some, incorrectly, to define the scope of discovery' as more broad than the scope set forth in Rule 26(b)(1)." *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117, at *6 (N.D. Ind. July 8, 2016) (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment). Thus, it was inappropriate for the plaintiffs to rely upon the standard in their brief (just as it was inappropriate for Clarke to rely upon it in his objections to the plaintiffs' discovery demands).

But, more importantly, the plaintiffs have failed to explain how identifying Clarke's physical location during the death of other inmates is relevant to their claims. The relevance is not self-evident. The court can speculate as to possible theories of relevance but each breaks down upon analysis. In the absence of any explanation from the plaintiffs as to why the information is relevant, the plaintiffs' motion to compel with respect to Interrogatory No. 6 is denied.

Plaintiffs' Document Request No. 2 states: "Produce a copy of Clarke's calendar, whether done manually in a paper calendar and/or kept electronically in Microsoft

Outlook, or similar electronic calendaring software, from January 2016 through May of 2016." (ECF No. 1101-2 at 13.) Clarke responded:

> Object to the request as seeking information neither relevant to an issue pertinent to the matter nor seeking information reasonably calculated to lead to the discovery of relevant information. Further object on grounds that Sheriff Clarke is no longer a proper party defendant, F.R.C.P. 25(d), and his personal calendar for 2016 is not relevant. Subject to the objections and without waiving them, a detail of Sheriff Clarke's speaking engagements for 2016 is produced herewith at Bates MKE County 1140-1149.

(ECF No. 109-1 at 8.)

Again, plaintiffs do not explain how Clarke's personal calendar for the first five months of 2016 is relevant to this action (the birth and death of Laliah Swayzer occurred a month and a half later, in July 2016). The plaintiffs having failed to present any explanation, let alone a persuasive one, as to why this information is relevant, the court must also deny this aspect of their motion to compel.

Finally, the plaintiffs ask the court to compel Clarke to confirm whether any documents are being withheld on the basis of privilege or pursuant to boilerplate objections. Clarke offered certain largely boilerplate objections to each of the plaintiffs' requests for production but then went on to provide at least a partial response. The court noted during a prior conference with the parties that the use of such rote objections are unhelpful because they create uncertainty as to whether anything is actually being withheld.

Under Federal Rule of Civil Procedure 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Clarke has not stated that any responsive materials have been withheld on the basis of his objections. Absent any reason to believe otherwise, the court must accept that Clarke has not actually withheld any responsive materials on the basis of the objections he offers. If it turns out Clarke actually did withhold responsive materials on the basis of some objection, he faces sanctions for failing to comply with Rule 34(b)(2)(C).

Similarly, as for Clarke's allusions to privilege (ECF No. 101-2 at 6), if a party withholds a document on the basis of privilege, the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed …." Fed. R. Civ. P. 26(b)(5). If Clarke did not describe the nature of documents, communications, or tangible things not produced or disclosed on the basis of privilege, plaintiffs may assume that no information was withheld. There is no requirement that a party expressly confirm that documents were *not* withheld; an obligation exists only if documents *were* withheld. Again, if it turns out that Clarke actually did withhold responsive materials on the basis of a privilege, he faces sanctions for failing to comply with Rule 26(b)(5).

Therefore, to the extent that it is not moot, the plaintiffs' motion to compel (ECF No. 101) is **denied**. Having denied the plaintiffs' motion, ordinarily the court would order the plaintiffs to pay Clarke's reasonable expenses (including attorney fees)

6

incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). However, the plaintiffs'

request that the court compel Clarke to verify his discovery responses became moot

only because Clarke complied after the motion was filed. Therefore, the plaintiffs would

be entitled to their expenses associated with that aspect of the motion. Fed. R. Civ. P.

37(a)(5)(A). In light of these circumstances, the court finds that the award of expenses to

either party, or an apportionment between the parties, *see* Fed. R. Civ. P. 37(a)(5)(C), to

be unjust.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 11th day of December, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge