# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF LALIAH SWAYZER, et al.,

        Plaintiffs,

        v.                                  Case No. 16-CV-1703

DAVID A. CLARKE, JR., et al.,

        Defendants.

# ORDER

On January 29, 2018, the plaintiffs filed a motion to compel, seeking from the Milwaukee County defendants "names or audio interviews of inmates who were near and/or present during the time period in question." (ECF No. 149.) Included in the plaintiffs' motion is an email from counsel for the County stating, "We need the approval of the court before releasing their identities. We would not oppose a motion to compel to release the identities of the other inmates who were interviewed." (ECF No. 149 at 1-2.) The plaintiffs' motion closes:

> Plaintiffs' counsel has repeatedly sought to gain this information absent a motion to compel without success. F.R.C.P. 37(a)(5)(A) necessitates the imposition of costs absent the non-moving party's substantial justification for withholding the information. Here, the County has never provided any legal basis for withholding the names or audio recorded interviews of

the other inmates present during the events leading up to the in-custody death of Laliah Swayzer.

(ECF No. 149 at 2.)

The County defendants respond and, as indicated, do not oppose the motion to compel. They explain that they had no objection to turning over the requested information but that they viewed a court order as necessary in light of the County's obligations under HIPPA and the privacy interests of the inmates whose identities were to be disclosed. (ECF No. 153 at 1-2 (citing *Franklin v. McCaughtry*, 110 F. App'x 715, 718-19 (7th Cir. 2004)).)

But the County defendants, rightfully in the court's view, take issue with the plaintiffs' demand for costs. In fact, they ask that the court order the plaintiffs to pay *their* costs incurred in having to respond to the plaintiffs' request for costs.

Counsel for the County defendants apparently raised the privacy issue regarding the identity of the other inmates with plaintiffs' counsel back in September 2017 in an email where he stated, "call if you get a chance. I'd like to work through the other inmate identity issue." (ECF No. 153-3.) Plaintiffs' counsel never called. (ECF No. 153-1, ¶ 5.) Counsel for the County again raised the issue with plaintiffs' counsel in subsequent conversations, suggesting an unopposed motion to compel as a means to resolve it. (ECF No. 153-1, ¶ 5.) No motion was filed. The suggestion of an unopposed motion to compel was reiterated in a January 19, 2018, email from counsel for the County to plaintiffs' counsel:

> As we have discussed previously, these witnesses have potential privacy and confidentiality rights. We cannot release those recordings without revealing the identity of the witnesses. We need the approval of the court before releasing their identities. We would not oppose a motion to compel to release the identities of the other inmates who were interviewed.

(ECF No. 153-4.)

Ten days later, plaintiffs' counsel sent the following email: "We are filing the motion to compel now and seeking costs because you have not provided a legal basis for your clients' non-cooperation in providing names of inmates or their audio interviews." The motion to compel was filed 25 minutes later.

The plaintiffs' demand for costs was unjustified. It is just the latest episode of what has been all too common in this case—an unnecessary fight over something the parties should have been able to resolve on their own. If plaintiffs' counsel did not like the County's proposal in that it required him to draft and file a motion to compel, he should have accepted defense counsel's offer to discuss the matter and worked toward finding a different solution than the one defense counsel suggested. Perhaps another option was the County defendants filing some sort of "Motion for Court Approval to Disclose Identities."

If the plaintiffs felt that the County defendants needed to provide "a legal basis" for their non-disclosure, the absence of which justifies the request for costs, the spirit if not the letter of Federal Rule 37 and Civil Local Rule 37 obligated the plaintiffs to request it from counsel for the County defendants before filing the request for costs.

Therefore, although the motion to compel (ECF No. 149) is **granted** as unopposed, the court finds that under Rule 37(a)(5)(i) and (iii) the plaintiffs are not entitled to any costs incurred in bringing this motion.

In fact, by seeking costs the plaintiffs needlessly caused the County defendants to have to respond to the motion to compel. As a result, the court finds that there is cause to conclude that the plaintiffs violated Federal Rule of Civil Procedure 11(b)(1); *see also* 28 U.S.C. § 1927 ("Counsel's liability for excessive costs").

Therefore, not later than **February 7, 2018**, the plaintiffs shall show cause why sanctions—likely in the form of any costs the County defendants incurred in having to respond to the plaintiffs' demand for costs—should not be imposed for their demand for costs associated with filing an unopposed motion to compel.

Or, of course, the parties could work this issue out amongst themselves, negating the need for the court spending any more time on this avoidable dispute.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 5th day of February, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge