UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

Estate of Laliah Swayzer et. al.
       Plaintiffs

                                                      Case No. 16-CV-1703

v

David A. Clark, Jr. et. al.
       Defendants
_____

**DEFENDANT DR. HORTON'S BRIEF OPPOSING PLAINTIFF'S ATTEMPT TO PERTAIN DOCUMENTS PROTECTED BY THE ATTORNEY WORK-PRODUCT PRIVILEGE**
_____

**BACKGROUND OF DISPUTE**

On May 30, 2018, plaintiff's counsel conducted the deposition of Dr. Horton. Prior to that deposition, counsel for Dr. Horton had turned over all of the documents requested in plaintiff's notice of deposition, including all medical records. At the deposition, plaintiff's counsel neglected to bring a complete set of the documents, including medical records. In light of this, Dr. Horton's counsel allowed the doctor to access her personal copy of the records to respond to plaintiff's counsel's questions. Defense counsel's records were in a binder that was tabbed, and contained counsel's highlighting and notes.

During the course of the deposition, Dr. Horton reviewed approximately 10-20 pages out of 646 pages in the binder. At the conclusion of the deposition, plaintiff's counsel placed an exhibit sticker on defense counsel's binder and demanded that the binder, including all notes, tabs and highlights, be copied. Counsel for Dr. Horton objected, and the binder of records was sequestered with the court reporter until the

1

issue could be addressed. Counsel for Dr. Horton immediately contacted Judge Pepper, and a hearing was held several days later, on June 4, 2018. Judge Pepper requested briefing on the issue of whether defense counsel's binder of highlighted records and notes is protected by the work product privilege. This brief follows.

## WORK PRODUCT PRIVILEGE

The attorney work-product privilege has been codified as F.R.C.P. 26(b)(3), which provides that a party may not discover documents that are prepared in anticipation of litigation unless a substantial need is shown for the materials, and that the materials cannot be obtained from other means. Rule 26(b)(3)(B) specifically states that even if a court orders discovery, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney …". See also *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, n.4 (7th Cir. 1996) ("FRCP 26(b)(3) expressly admonishes courts to give even greater protection against disclosure of opinion work product, meaning the mental impressions, conclusions, opinions, or legal theories of an attorney …").

**The documents that plaintiff seeks constitute "opinion work product".**

Plaintiff's counsel seeks to access highlighting and notes written by counsel for Dr. Horton on her own copy of the medical records. There can be no dispute that any highlighting or notes on the personal copy of the medical records belonging to counsel for Dr. Horton were made in anticipation of litigation, as they were made in the context of the present lawsuit. Moreover, attorney highlighting and notes have been recognized by federal courts as indicia of "opinion work product". See *United States ex. rel. Landis v. Tailwind Sports Corp.*, 303 FRD 419, 426 (D.D.C. 2014). The conclusion that

2

attorney notes and highlighting constitute "opinion work product" is obvious, as such markings necessarily divulge those portions of the record that the attorney finds important, or worthy of emphasis – i.e., the attorney's "thought process". There can be no doubt that plaintiff now seeks to obtain the "opinion work product" of counsel for Dr. Horton.

### Counsel for Dr. Horton did not waive the work product privilege protecting her personal highlighted and notated copy of the medical records.

Plaintiff's counsel ostensibly relies upon FRE 502(b) for the argument that counsel for Dr. Horton waived the work product protection over counsel's personal copy of the medical records simply because Dr. Horton was allowed to reference a handful of pages from the binder of records at her deposition. FRE 502(b) provides that a disclosure made in a federal proceeding does not operate as a waiver if: (1) the disclosure is inadvertent; (2) the holder of the privilege took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error. In the instant case, there was no "disclosure" to plaintiff's counsel at all. The copy of the medical records in question were provided to Dr. Horton by her counsel simply so that she would have a complete copy of the medical records that plaintiff's counsel failed to provide to her during questioning at her deposition. Even if reference to the records for this purpose could be considered "disclosure", that "disclosure" was clearly inadvertent. Defense counsel never provided plaintiff's counsel with copies of any highlighted or notated records from her personal binder. Moreover, at no time did counsel for Dr. Horton acknowledge that she was agreeing to the production of her personal copy of the records, nor that she was waiving any privilege by allowing Dr. Horton to refer to her records during questioning at deposition.

3

In addition, counsel for Dr. Horton took reasonable steps to prevent disclosure of her personal copy of the records. Counsel did not provide a copy of those records to plaintiff's counsel, and objected to his attempting to mark the entire binder as an exhibit following Dr. Horton's deposition if the intent was to copy counsel's notes and highlighting. Counsel for Dr. Horton agreed to have the court reporter hold onto the binder of records until the issue could be resolved, and contacted the court for a hearing immediately. Under the plain language of FRE 502(b), there was no waiver of the work product privilege under these circumstances.

Moreover, courts within the Seventh Circuit have considered when the work product privilege may be waived. For example, the District Court for the Northern District of Illinois has noted that "a waiver occurs when the protected communications are disclosed in a manner which substantially increases the opportunity for potential adversaries to obtain the information." *Vardon Golf Co. v. Karsten Manufacturing Corp.*, 213 FRD 528, 534 (N.D. Il. 2003). The focus is not whether the disclosure is voluntary, but whether the information is disclosed to an adversary. *Id.*

Here, the highlights and notes contained in defense counsel's personal copy of the medical records was never disclosed to plaintiff's counsel. Those records were used solely to rectify the failure of plaintiff's counsel to provide complete and accurate copies of the medical records to Dr. Horton at her deposition. Counsel for Dr. Horton never acted contrary to the intent of the work product privilege at any time. Dr. Horton's mere reference to a handful of the records in question at her deposition did not "substantially increase the opportunity for potential adversaries to obtain" the protected work-product of her counsel.

4

### Attorney highlighting has been held to constitute protected work product

A number of federal courts have recognized that attorney highlighting constitutes protected work product. For example, the District Court for the Southern District of New York found that, where highlighting was done on copies, it was reasonable to restrict the production to the original of the document, or to have the highlighted copy sanitized by being recopied without the highlighting. *In re Search Warrant for Law Offices Executed On March 19, 1992*, 153 FRD 55, 59 (S.D. NY 1994). Likewise, the District Court for the District of Columbia allowed the government to redact discovery materials that included "indicia of opinion work-product, such as attorney notes or highlighting." *Landis*, supra, at 426.

### Dr. Horton's reference at deposition to a handful of pages contained in defense counsel's personal copy of the medical records does not entitle plaintiff's counsel to access opinion work-product contained in the entire binder.

The Seventh Circuit, in *Appleton Papers, Inc. v. EPA*, 702 F.3d 1018 (7th Cir. 2012), noted that "disclosure of some documents does not necessarily destroy work-product protection for other documents of the same character; that "partial reliance only waives the privilege with respect to matters covered"; and that "undisclosed work product remains protected". *Id*. at 1025 and 1026. Plaintiff's counsel should not be entitled to obtain the opinion work-product of defense counsel in the form of her entire binder of highlighted and notated medical records, when Dr. Horton referenced perhaps 10-20 pages thereof at deposition.

### CONCLUSION

Plaintiff's counsel, having failed to provide Dr. Horton with an accurate and complete copy of the medical records upon which he was questioning her at her

5

deposition, now seeks to co-opt the protected "opinion work-product" of counsel for Dr. Horton. This material is strongly protected under FRCP 26(b)(3)(B). The work-product privilege was never waived.

Dated this 13th day of June, 2018.

**OTJEN, GENDELMAN, ZITZER, JOHNSON & WEIR, S.C.**
Attorneys for
Dr. Karen Ronquillo-Horton

*s/ Lori Gendelman*
Lori Gendelman, SBN 1005633
lgendelman@otjen.com
Jason J. Franckowiak, SBN 1030873
jfranckowiak@otjen.com

**PO ADDRESS**
20935 Swenson Drive
Suite 310
Waukesha, WI 53186
Phone: 262-777-2200
Fax: 262-777-2201