# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF LALIAH SWAYZER,
ET AL.,

      Plaintiffs,

v.                          Case No. 16-CV-1703

DAVID A. CLARKE, JR., ET AL.,

      Defendants.

## COURT MINUTES OF TELEPHONE HEARING ON MOTION TO COMPEL

### HONORABLE WILLIAM E. DUFFIN PRESIDING

DATE: November 13, 2018 at 2:00 P.M.     DEPUTY CLERK: Mary Murawski

TIME COMMENCED: 2:00:02     TIME CONCLUDED: 2:49:16

TAPE/COURT REPORTER: FTR Gold

APPEARANCES:

James Gende, II – Attorney for the plaintiffs
Christopher P. Katers – Attorneys for the plaintiffs
Douglas S. Knott – Attorneys for the County defendants
Michael Russart and Jill Munson – Attorney for Armor Correctional Health Services
Lori Gendelman for Dr. Karen Ronquillo-Horton
Chad M Skarpiak for Dr. White, NP Meine, RN Porculas, Dr. Gulsen
Linda Vogt Meagher for Dr. Gina Negrette.
Nina G. Beck for Wisconsin Health Care Liability Insurance Plan

COMMENTS:

RUSSART: Have turned over 1,400 pages of documents over the course of last 1 ½ years. Last production was a couple of pages a month ago. Three months before that was several documents.

COURT addresses GENDE regarding the emails attached to his motion to compel. Specifically, the email from November 1st at 2:10 p.m. where GENDE identifies by bate-stamped numbers of certain documents that he is interested in discussing with RUSSART regarding the confidentiality designation. Help the court understand why it matters if documents are marked confidential or not. Is it impeding GENDE's ability to litigate this case in some way?

COURT hears argument by GENDE and RUSSART.

COURT: Starting with plaintiff, clarify if the documents listed in GENDE's November 1st 2:10 p.m. email to RUSSART are the documents that need to be addressed regarding the confidentiality designation because there is a decent chance they may come up in summary judgment or in some other motion or trial

GENDE: It is all documents in the email, and all exhibits that were marked at the depositions taken so far. GENDE notes this will carry over into the county's document marking practice as well. Has had no discussion with KNOTT regarding his confidentiality designation.

RUSSART: 149 exhibits from depositions could be 1,500 pages.

COURT denies plaintiff's motion to compel (ECF No. 236) and denies Armor's motion to strike (ECF No. 237). Court is kicking it back to parties to work it out. Requires Armor to explain why the bate-stamped documents referenced in November 1, 2:10 p.m. email are marked with a confidential designation. GENDE can respond to that. Parties to meet and confer and try to reach some agreement. If documents in dispute, GENDE to file a motion, it may not be a Rule 7(h) motion, it may be a regular motion to compel since it may be more than 3 pages. To the extent parties are trying to work this out and Armor believes the document should still have a confidential designation, Armor also to indicate if the document with the confidential designation needs to be sealed or not.

**November 21, 2018 deadline:** Armor to explain its basis for continuing to identify the confidential designation of the bate-stamped documents listed in the November 1, 2018, 2:10 p.m. email.

**December 19, 2018 deadline**:  Armor to explain its basis for identifying the Armor deposition exhibits as confidential.

COURT believes there will be an overlap in the bate-stamped documents and depositions exhibits.