UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**THE ESTATE OF LALIAH SWAYZER**;
**SHADÉ SWAYZER**; **DIANE RUFFIN** (a minor);
and, **CHARLENE RUFFIN** (a minor);
    Plaintiffs,

v.                                                         Case No: 16-CV-1703

**DAVID J. CLARKE JR**. et al.,
    Defendants.

---

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)

---

NOW COMES, Plaintiffs, The Estate of Laliah Swayzer, Shadé Swayzer, Diane Ruffin, and Charlene Ruffin, by their attorneys, **JUDGE, LANG & KATERS, LLC** and **GENDE LAW OFFICE, S.C.**, and respectfully move the Court, pursuant to Fed. R. Civ. P. 15(a) for leave to file their Fourth Amended Complaint, a copy of which is attached hereto. In support of this Motion, Plaintiffs state the following:

    1.    On December 23, 2016, Plaintiffs filed their original Complaint alleging that the Defendants violated their Constitutional, Civil, and Statutory rights. (D. 1). Plaintiffs were only able to name 4 individual defendants due to the Milwaukee County Sherriff's office refusal to produce records at that time. See (D. 1, p. 7 fn. 2.)

    2.    On April 10, 2017, Plaintiffs filed their First Amended Complaint removing only the negligence counts against Defendant Armor Correctional and John Does 11-20. (D. 19).

    3.    On August 28, 2017, Plaintiffs filed their Second Amended Complaint. (D. 54). This occurred shortly after the County Defendants made their initial discovery productions on August 1, 2017. Plaintiffs Second Amended Complaint added the following Defendants: Kimberly Witkowiak, Kevin Utsby, T. Cunningham, Jeff Andrykowski, Paul Hein, Dr. Maureen White, Dr. Ronquillo-

Horton, N.P. Katherine Meine, Dr. Gina Negrette, RN Frederick Porculas, Dr. Turay Gulsen and Evanston Insurance Company. The initial discovery from Milwaukee County and Armor failed to either identify or detail the involvement of Amika Avery, Nancy Evans, Steven Schmid, Karen Gray, or Diedre Adams, all of whom Plaintiffs now wish to add as Defendants. Plaintiffs' proposed Complaint releases Defendant Hein.

4. On January 19, 2018, Plaintiffs filed their Third Amended Complaint only adding Defendant Wisconsin Health Care Liability Insurance Plan. (D. 146).

5. On January 25, 2018, Defendant Armor Correctional and Armor Defendants ("Armor") filed an Answer to Plaintiffs' Third Amended Complaint. (D. 148).

6. On February 2, 2018, the Milwaukee County Defendants (the "County") filed their answer to Plaintiffs' Third Amended Complaint. (D. 152).

7. The defendants have produced the following supplements and revised answers:

**ARMOR:**

- **Ex.A**, Armor's Supplemental Answers to Plaintiff's Second Request for Production – 11/1/17;
- **Ex.B**, Armor's Second Supplemental Answers to Plaintiff's Second Request for Production – 11/10/17;
- **Ex.C**, Armor's Supplemental Answers to Plaintiff's First Request for Production – 11/10/17
- **Ex.D**, Armor's Supplemental Answers to Plaintiff's First Request for Production – 11/16/17;
- **Ex.E**, Armor's Second Set of Supplemental Answers to Plaintiff's Second Request for Production – 1/5/18;
- **Ex.F**, Armor's Third Set of Supplemental Answers to Plaintiff's Second Request for Production – 2/2/18;
- **Ex.G**, Armor's Supplemental Answers to Plaintiff's First Request for Production – 2/2/18;
- **Ex.H.**, Armor's Supplemental Answers to Plaintiff's First Request for Production – 4/24/18;
- **Ex.I.**, Armor's Supplemental Answers to Plaintiff's First Request for Production – 6/5/18
- **Ex.J.**, Armor's Supplemental Answers to Plaintiff's First Request for Production – 6/21/18;

2

- **Ex.K**., Armor's Supplemental Answers to Plaintiff's First Request for Production – 9/27/18;
- **Ex.L**., Armor's Response to Plaintiff's First Request for Production Dated 9-11-18; Response served by Armor 10-17-18;

**THE COUNTY:**

- **Ex.M,** 5-23-18 County's attorney admitted a significant aspect of its death investigation had not been previously produced;
- **Ex.N,** 5-23-18 County's attorney admitted another significant aspect of its death investigation had not been previously produced;
- **Ex.O,** 7-20-18 County's attorney submitted another significant aspect of its death investigation that had not been previously produced, "CJF Radio Transmission 7-14-16";
- **Ex.P,** 8-13-18 County's attorney produces documents to Maj. Nancy Evans' subpoena, refuses to certify complete. Production was incomplete;
- **Ex.Q,** the County's First Supplemental Response to Plaintiff's Third Request for Production – 10/17/18;
- **Ex.R,** the County's Second Supplemental Response to Plaintiff's First Set of Request for Production – 10/17/18;
- **Ex.S,** the County's First Supplemental Response to Plaintiff's Third Request for Production – 10/17/18;
- **Ex.T,** the County's First Supplemental Response to Plaintiff's Fifth Request for Production – 11/19/18

(See Declaration of David Lang, ¶¶ 4-23).

8. Many of the critical documents were unavailable for multiple adverse depositions, 29 thus far:

| Deponent | Location of Deposition | Date of Deposition |
|---|---|---|
| Bruce Teal – Armor | Miami, FL | 8/15/17 and 5/14/18 |
| John May, MD – Armor | Miami, FL | 8/15/17 and 5/15/18 |
| Frederick Porlucas – Armor | Hinshaw & Culbertson | 10/9/17 |
| Kimberly Witkowiak – County | Leib Knott Gaynor | 10/11/17 |
| Kevin Ustby – County | Leib Knott Gaynor | 10/11/17 |
| Terina Cunningham – County | Leib Knott Gaynor | 10/12/17 |
| Paul Hein – County | Leib Knott Gaynor | 12/21/17 |
| David Clarke – County | Leib Knott Gaynor | 12/22/17 |
| Joseph Mazurczak – County | Leib Knott Gaynor | 1/23/18 |
| Brian Morgan – County | Leib Knott Gaynor | 1/24/18 |
| Jeff Andrykowski – County | Leib Knott Gaynor | 1/26/18 |
| Keziah Love – County | Leib Knott Gaynor | 5/11/18 |
| Karen Davies – Armor | Miami, FL | 5/14/18 |
| Gina Negrette – Armor | Gass Weber Mullins | 5/18/18 |
| Donald Desotell – County | Leib Knott Gaynor | 5/24/18 |

3

| Karen Horton – Armor | Leib Knott Gaynor | 5/30/18 |
| Amika Avery – County | Leib Knott Gaynor | 6/14/18 |
| Mai Bruno – Armor | Leib Knott Gaynor | 6/14/18 |
| Katherine Meine – Armor | Hinshaw & Culbertson | 6/15/18 |
| Maureen White – Armor | Hinshaw & Culbertson | 8/9/18 |
| Turay Gulsen – Armor | Hinshaw & Culbertson | 8/10/18 |
| Joel DeWitt – Armor | Hinshaw & Culbertson | 9/6/18 |
| Steven Schmid – Armor | Hinshaw & Culbertson | 9/7/18 |
| Ken Palombo – Armor | Hinshaw & Culbertson | 9/12/18 |
| Nancy Evans – County | Leib Knott Gaynor | 9/19/18 |
| Mercy Mahaga – Armor | Hinshaw & Culbertson | 10/17/18 |
| Kayla McCullough – Armor | Hinshaw & Culbertson | 10/18/18 |
| Rebecca Goss – Armor | Hinshaw & Culbertson | 11/2/18 |
| Damon Camarata - Armor | Hinshaw & Culbertson | 11/9/18 |

9. On May 23, 2018, Counsel for Milwaukee County Defendants supplemented prior discovery with an 8 page report by Detective Desotell. Detective Desotell's report was not previously produced to Plaintiffs' counsel, and contained the following new information and information directly contradicting prior statements made during depositions:

   a. Interview of Mental Health Director Joel Dewitt: Information that medical staff failed to notify MCJ CO staff about "the necessity to move Swayzer from Pod 4A back to either Special Needs or the Infirmary." (Lang Decl. ¶ 17, Ex. N).

   b. Identification of Corrections Officer Amika Avery: CO Avery was not identified in any previous discovery with the exception that she was mentioned in Lt. Andrykowski's deposition. (Lang Decl. ¶24, Ex. U). According to the Report, Avery was responsible for re-classification of Swayzer from Special Needs/Mental Health Unit to Pod 4A and was sole Correctional officer working the Classification Unit at the time of this incident. (Lang Decl. ¶ 17, Ex. N).

   c. Identification of CO Diedre Adams. Plaintiffs have come to discover that Adams was the correctional officer assigned to the Special Needs Unit on July 8,

4

2016, and was responsible transferring Swayzer from the Special Needs Unit to Cell 4A, despite medical orders. *Id.*

d. Det. Desotell Supplemental report regarding information regarding Defendant Love as well as other clinicians. *Id.*

10. Det. Desotell during his deposition stated that the 8 supplemental pages Defense counsel turned over to Plaintiffs' counsel the day before his deposition were always a part of his initial report. (Lang Decl. ¶26, Ex. W, Desotell Depo. p. 143: 12-23).

11. Further, Det. Desotell's deposition testimony highlighted a crucial contradiction in the statements made by CO Andrykowski and Cunningham revealing that one of them could not have been telling the truth. (Lang Decl. ¶26, Ex. W, Desotell Depo. p. 116: 1-18).

12. On February 23, 2018 counsel for Milwaukee County Defendants counsel acknowledged to Plaintiffs' counsel that the Second Recorded Statement of Defendant CO Witkowiak was supplemented long after Witkowiak was deposed. (Lang Decl. ¶ 16, Ex. M).

13. On October 17, 2018 counsel for Milwaukee County Defendants supplemented prior discovery with previously unproduced emails between Jail Commander Nancy Evans and Medical Administrator Kayla Mccullough regarding Swayzer that should have been produced per the Plaintiffs' first RFP. (Lang Decl. ¶ 19, Ex. P).

14. On October 17, 2018 counsel for Milwaukee County Defendants supplemented prior discovery with 36 pages of additional documents, audio recordings from the jail, potentially including Ms. Swayzer on the day Laliah died. (Lang Decl. ¶ 20, Ex. Q). These audio tapes contained distress calls from the day Ms. Swayzer lost her baby. Plaintiffs have reason to believe the audio tapes reveal Ms. Swayzer's voice making the emergency intercom calls. While Defense counsel has stated that they do not believe Swayzer is the voice on these tapes, they have failed to produce any evidence supporting their stance when inquired by Plaintiffs' counsel.

5

15. On September 11, 2018, counsel for Defendant Armor supplemented prior discover with 138 pages of meeting minutes, or the equivalent for medical and mental health staff meetings from January 2015 to January 2018. (Lang Decl. ¶ 15, Ex. L).

16. The above cited disclosures contain information pertinent to Plaintiffs' claims and identifies new defendants not disclosed prior to Plaintiffs Third Amended Complaint.

17. Plaintiffs seek to file the attached Fourth Amended Complaint adding defendants Amika Avery, Nancy Evans, Diedre Adams, Nurse Karen Gray, and Steven Schmid. Plaintiffs' Fourth Amended Complaint additionally seeks to remove Paul Hein as a defendant and modify its claims accordingly.[1]

18. Plaintiffs seek to add Defendant Amika Avery who was employed as a Correctional Officer at CJF by MC and the MCSO and was responsible for the health, safety, security, welfare and humane treatment of all inmates at CJF, including Swayzer and Laliah, in July 2016. Avery was responsible on July 8, 2016, for the approval and re-classification of Swayzer out of the Special Needs Unit to Unit 4A, the cell where she gave birth to Laliah without any supervision or medical care.

19. Plaintiffs seek to add Defendant Nancy Evans who was employed as a Lieutenant and the acting Jail Commander at CJF by MC and the MCSO and was responsible for the health, safety, security, welfare and humane treatment of all inmates at CJF, including Swayzer and Laliah, in July 2016. Evans oversaw, supervised and had direct control over the management and operations of CJF, and was responsible for the MCSO's policies and procedures, as well as training at CJF. Evans was deliberately indifferent to, exhibited reckless disregard of and turned a blind eye to the serious medical needs and Constitutional rights of Swayzer and Laliah and others held at the CJF,

---

[1] Defendant Armor Correctional Health Services, Inc. ("Armor") filed a motion for Judgement on the Pleadings on May 18, 2018. (D. 195). Should the Court grant Plaintiffs' motion for leave to Amend, Armor's motion for judgment should be rendered moot.

and ignored CJF's lack of sufficient training, policies, procedures, both written and unwritten, as well as staffing, to adequately supervise and provide medical care to Swayzer, Laliah and other inmates in need of medical care. Further, during Dr. Ronquillo Horton's May 30, 2018 deposition, she indicated Evans relayed that a "med pass" was made by Swayzer's cell which is what Ronquillo Horton put in her confidential Death Summary Report. Video evidence contradicts this assertion that a medical pass was made at 4:21 am the night Laliah died. (Lang Decl. ¶25, Ex. V).

20. Plaintiffs seek to add Defendant Diedre Adams who was employed as a Correctional Officer at CJF by MC and the MCSO and was responsible for the health, safety, security, welfare and humane treatment of all inmates at CJF, including Swayzer and Laliah, in July 2016. Adams was the correctional officer assigned to the Special Needs Unit on July 8, 2016, and ignored medical directives and/or failed to seek permission of medical providers, in violation of policy and procedure, before allowing the transfer of Swayzer and Laliah from the Special Needs Unit to Cell 4A, the cell where Swayzer gave birth to Laliah without any supervision or medical care.

21. Plaintiffs seek to add Defendant Steven Schmid who was employed as a psych-social worker at CJF by MC and Armor and was responsible for the health, safety, security, welfare and humane treatment of all inmates at CJF, including Swayzer and Laliah, in July of 2016. Schmid was assigned to monitor Swayzer's mental health status, but failed to do so. Schmid encountered Swayzer the evening before the birth of Laliah and despite his knowledge that Swayzer and Laliah were to be housed in the Special Needs Unit took no action assure Swayzer and Laliah were appropriately housed and receiving appropriate care.

22. Plaintiffs seek to add Defendant Karen Gray who was employed as a Nurse Practitioner at CJF by MC and Armor and was responsible for the health, safety, security, welfare and humane treatment of all inmates at CJF, including Swayzer and Laliah, in July of 2016. Gray was

aware of the decision that Swayzer should be housed in the Special Needs Unit, but took no action to assure that occurred.

23. Federal Rule of Civil Procedure 15(a) allows a party to amend its complaint at any time with the opposing party's written consent or the court's leave. Under Fed. R. Civ. P. 15(a)(2) leave to amend should, "be freely given when justice so requires."

24. Plaintiffs act in good faith by seeking leave to file their Fourth Amended Complaint because: depositions and discovery are ongoing; only one previous amended complaint contained substantive changes (Second Amended Complaint, D. 54); Defendants are still supplementing discovery and information; and Defendants have produced discovery Plaintiffs were not previously aware of at the time of filing the Third Amended Complaint. Further, Plaintiff's Fourth Amended Complaint adds only factual allegations stemming from the newly discovered information and has reduced the previously alleged theories of *Monell* liability from seven to four. As a result of these new facts, Plaintiffs have clarified their claims made against certain Defendants. Lastly, the Defendants will not suffer any prejudice because the Fourth Amended Complaint raises no new claims against said defendants.

## CONCLUSION

**WHEREFORE**, in the interest of justice and the absence of any prejudice to Defendants, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to file their Fourth Amended Complaint.

Dated at this 4th day of February, 2019.

        Respectfully Submitted,
        Judge, Lang & Katers, LLC

        By: s/ David J. Lang
            David J. Lang (SBN: 1001218)
            Christopher P. Katers (SBN: 1067557)
            Kevin Raasch (SBN: 1096008)

JUDGE LANG & KATERS, LLC.
8112 W. Bluemound Road, Ste. 101
Wauwatosa, WI 53213
P: (414) 777-0778
F: (414) 777-0776
ckaters@jlk-law.com
kraasch@jlk-law.com
dlang@jlk-law.com
Attorneys for Plaintiffs

-and-
Gende Law Office, S.C.

By: s/ James J. Gende II
James J. Gende II (SBN: 1030921)
GENDE LAW OFFICE, S.C.
N28W2300 Roundy Dr., Ste. 200
Pewaukee, WI 53072
P: (262) 970-8500
F: (262) 970-7100
JGende@jamesgendelaw.com
Attorneys for Plaintiffs