UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**THE ESTATE OF LALIAH SWAYZER**, et al.
    Plaintiffs,
  v.
**DAVID J. CLARKE JR.**, et al.
    Defendants.

Case No: 16-CV-1703

**L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE MILWAUKEE COUNTY'S "SUPPLEMENTAL BRIEF" (D.270) PURSUANT TO F.R.C.P. 12(f)**

Plaintiffs, by their attorneys, JUDGE, LANG & KATERS, S.C., respectfully seek to strike Milwaukee County's "**SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**." (D.270)(emphasis added in the original).

### I. INTRODUCTION.

On February 4, 2019, plaintiffs filed their motion to amend the complaint. (D.263) On February 25, 2019, the County Defendants timely filed a thirteen (13) page opposition (D.266) to plaintiffs' motion to amend the complaint. On March 6, 2019, the County Defendants filed a seven (7) page "**SUPPLEMENTAL BRIEF**" (D.270) opposing plaintiffs' motion to amend.

### II. LAW.

Civil L.R. 7 provides the sole parameters for litigants in the Eastern District to follow while engaging motion practice. Civil L.R.7(b) allows the non-moving the opportunity to file one "Response." Civil L.R.7(c) requires the "Non-Moving Party's Response" to be "filed within 21 days of service of the motion." Civil L.R.7(f) limits the non-movant's response to "15 pages" and further states "No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum."

F.R.C.P 12(f) provides:

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

### III. ARGUMENT

The County defendants' "**SUPPLEMENTAL BRIEF**" (D.270) violates the local rules in multiple ways:

1. The Combined County Briefs opposing plaintiffs' motion to amend exceed the number of "Reply" briefs allowed in violation of Civil L.R.7(b);

2. The "**SUPPLEMENTAL BRIEF**" (D.270) opposing plaintiffs' motion to amend violates Civil L.R.7(c), because it was untimely filed;

3. The Combined County Briefs opposing plaintiffs' motion to amend violates Civil L.R.7(f) page limitations;

4. The Combined County Briefs opposing plaintiffs' motion to amend violates Civil L.R.7(f), because the County Defendants failed to seek the necessary leave of Court to file its untimely, over the page limit supplement prior to seeking leave.

This precise type of motion practice abuse by the County Defendants falls squarely within parameters of F.R.C.P 12(f). As a result, Milwaukee County's "**SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**" (D.270), should be stricken in its entirety.

### IV. CONCLUSION

WHEREFORE, the plaintiffs respectfully request the Court strike Milwaukee County's "**SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**" (D.270), from the record and award any other relief the Court deems appropriate.

Dated at Wauwatosa, Wisconsin this 14th day of March, 2019.

                                          Respectfully Submitted,

                                          Judge, Lang & Katers, LLC
                                          By: s/ David J. Lang
                                          David J. Lang (SBN: 1067557)
                                          JUDGE LANG & KATERS, LLC.
                                          8112 W. Bluemound Road, Ste. 101
                                          Wauwatosa, WI 53213
                                          P: (414) 777-0778
                                          F: (414) 777-0776
                                          dlang@jlk-law.com
                                          Attorneys for Plaintiffs