# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THE ESTATE OF LALIAH SWAYZER, et al.,**

    **Plaintiffs,**

v.                                Case No. 16-CV-1703

**DAVID A. CLARKE, JR, et al.,**

    **Defendants.**

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND GRANTING COUNTY DEFENDANTS' MOTION TO COMPEL

Yet again, the court is called on to resolve discovery disputes between the parties. (*See, e.g.*, ECF Nos. 42, 85, 88, 116, 154, 162, 176, 216, 236, 279.) Discovery having now closed, hopefully this will be the last such dispute.

**Plaintiffs' Motion to Compel Interrogatory Response from Richard E. Schmidt**

The plaintiffs ask the court to order Richard E. Schmidt to respond "to Plaintiffs' First Set of Interrogatories to Defendant [sic] Richard E. Schmidt, dated February 15, 2019." (ECF No. 280 at 1.) Although defendant Milwaukee County, by whom Schmidt was formerly employed, answered the interrogatories, the plaintiffs contend the responses are insufficient. "Specifically, Plaintiffs sought the name of the Sheriff's

department personnel who located the audio of the intercom communications produced in discovery, as well as the method in which that audio recording was reproduced prior to discloser [sic]." (ECF No. 280 at 2.)

Richard E. Schmidt is no longer a defendant. The court has no authority by which to compel him to answer any interrogatory. That by itself is a sufficient basis for denying the plaintiffs' motion. Setting that defect aside and construing the motion as one to compel defendant Milwaukee County to answer the interrogatory, the court would still deny the motion.

Although the plaintiffs do not identify the specific interrogatory to which they seek a response, it appears to be Interrogatory No. 5, in which the plaintiffs inquire: "Please identify the Sheriff Department's personnel who located the audio of the intercom communications produced through discovery in this case, as well as the method in which that audio recording was reproduced prior to disclose [sic] to the plaintiff here." (ECF No. 281-1 at 4.) After offering various objections, Milwaukee County responded, in relevant part, that the person was "a member of the Internal Affairs division of the Sheriff's Department staff." (ECF No. 281-2 at 5.) The plaintiffs ask that Milwaukee County be compelled to disclose this person's identity "so that this person may be deposed." (ECF No. 280 at 2.) They state, "Due to the repeated delays by the County to answer, Plaintiffs seeks [sic] to extend discovery deadline until this unidentified person(s) can be deposed." (ECF No. 280 at 2.)

2

Obviously, without knowing the person's identity, the plaintiffs cannot depose him. But the plaintiffs have not shown why they need to depose the person who downloaded data from a computer system. The plaintiffs' only explanation is as follows:

> Here, Plaintiffs' Interrogatories served on Schmidt seek a variety of information related to radio transmissions, audio recordings, and audio intercom communications during the operative time period and the identification of correctional staff responsible for same. All Plaintiffs' inquiries are reasonably calculated to lead to the discovery of admissible evidence on their constitutional and *Monell* claims, as well as narrow the issues for trial.

(ECF No. 280 at 3.)

The first sentence addresses the plaintiffs' interrogatories generally and does not explain why they need the identity of the particular employee. That leaves only the second sentence, which is verbatim the same argument the plaintiffs offered in support of one their prior motions to compel. (ECF No. 101 at 2-3.) But that argument completely ignores what the court said before when it denied the prior motion:

> The plaintiffs' bald assertion that their "inquiries are reasonably calculated to lead to the discovery of admissible evidence on their constitutional and *Monell* claims, as well as narrow the issues for trial," is not only insufficient but an incorrect statement of the law. "[T]he oft-cited 'reasonably calculated to lead to the discovery of admissible evidence' language was removed from [Rule 26] through the amendment because it had been used 'by some, incorrectly, to define the scope of discovery' as more broad than the scope set forth in Rule 26(b)(1)." *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117, at *6 (N.D. Ind. July 8, 2016) (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment). Thus, it was inappropriate for the plaintiffs to rely upon the standard in their brief ….

3

*Estate of Swayzer v. Clarke*, No. 16-CV-1703, 2017 U.S. Dist. LEXIS 203170, at *5 (E.D. Wis. Dec. 11, 2017).

The plaintiffs' motion to compel is denied.

**County Defendants' Motion to Compel Interrogatory Responses**

Through 25 interrogatories, the Milwaukee County defendants ask the plaintiffs to identify the factual bases for their claims. The interrogatories were answered by plaintiff Shade Swayzer who, to the extent she offered any response, generally stated that she lacked relevant knowledge.

The plaintiffs invoked "Attorney Work Product Privilege" as to all but three of the 25 interrogatories. As to ten of the interrogatories, the plaintiffs offered no substantive response, stating only, "Plaintiffs object to the request as vague, overly broad, and ca1ls for information protected by the Attorney Work Product Privilege." (ECF No. 289, interrogatory nos. 6, 7, 8, 9, 16, 18, 20, 21, 24, 25.) Of the interrogatories to which the plaintiffs provided any response, the response was generally empty and unhelpful.

The County defendants' interrogatories are commonly referred to as "contention interrogatories," i.e., "interrogatories … used to elicit a description of the opposing party's theory and proof to be employed." *Tragoszanos v. City of Algoma*, No. 09-C-1028, 2011 U.S. Dist. LEXIS 72958, at *3 (E.D. Wis. July 6, 2011) (citing *Zenith Electronics v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 420 (7th Cir. 2005)); *Gregg v. Local 305 IBEW*, No.

1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *15 (N.D. Ind. May 13, 2009) ("Contention interrogatories can be classified as questions asking a party to: indicate what it contends or whether the party makes some specified contention[;] … state all facts or evidence upon which it bases some specific contention; take a position and apply law and facts in defense of that position; or explain the theory behind some specified contention.") (internal quotation marks omitted); *see also* 7 Moore's Federal Practice - Civil § 33.78 (2019); Fed. R. Civ. P. 33(b), comments to 1970 amendment. "The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position." *BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-cv-222, 2009 U.S. Dist. LEXIS 4780, at *5 (N.D. Ind. Jan. 23, 2009).

Such interrogatories are "routinely used," Fed. R. Civ. P. 33, comments to the 2007 amendment, and are a proper tool when "a defendant is uncertain about the scope of the plaintiff's legal theories…" *Spacesaver Corp. v. Marvel Grp., Inc.*, 621 F. Supp. 2d 659, 662 (W.D. Wis. 2009) (citing *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996)); *see also Auto Meter Prods. v. Maxima Techs. & Sys., LLC*, No. 05 C 4587, 2006 U.S. Dist. LEXIS 81687, at *6 (N.D. Ill. Nov. 6, 2006) (quoting *Calobrace v. American Nat'l Can Co.*, No. 93 C 999, 1995 U.S. Dist. LEXIS 1371, at *3 (N.D. Ill. Feb. 3, 1995) ("When one party poses contention interrogatories after considerable discovery, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories.") In assessing whether to require a party to answer

5

contention interrogatories, the court should be guided by "[t]he twin aims of efficiency and fairness" and consider whether the "answers will meaningfully contribute to issue clarification, narrow the scope of the dispute, or provide for early settlement." *BASF Catalysts*, 2009 U.S. Dist. LEXIS 4780, at *6, *8. If a party fails to respond to a proper contention interrogatory, it may be appropriate for the court to bar that party from introducing evidence on the subject inquired about. *See Zenith Elecs. Corp.*, 395 F.3d at 420.

The court rejects the plaintiffs' argument that the defendants' motion to compel is untimely or that they improperly delayed. Contention interrogatories are often most-appropriate toward the close of discovery to eliminate the possibility that the plaintiff has not yet had time to gather the information to support her claim. *See Whitchurch v. Canton Marine Towing Co.*, No. 16-cv-3278, 2017 U.S. Dist. LEXIS 42034, at *5-6 (C.D. Ill. Mar. 23, 2017) ("Contention interrogatories are often better answered after parties are near the end of discovery because they are better able to give complete responses."); *Gregg,* 2009 U.S. Dist. LEXIS 40761, at *18; *BASF Catalysts*, 2009 U.S. Dist. LEXIS 4780, at *5; *In re H & R Block Mortg. Corp.*, Nos. 2:06-MD-230 (MDL 1767), 2:05-CV-162-RL, 2006 U.S. Dist. LEXIS 90270, at *16 (N.D. Ind. Dec. 13, 2006). Circumstances may warrant a party waiting until near the close of discovery to seek to compel incomplete interrogatory responses lest other discovery moot the need for the motion.

The plaintiffs' third amended complaint spans 40 pages, includes 185 paragraphs, and names 18 defendants. (ECF No. 146). Given this expansive complaint and the court's familiarity with this litigation, the court finds that this is clearly a case where contention interrogatories may be appropriately used to clarify and narrow the issues. *See In re Ocwen Loan Servicing, LLC*, 491 F.3d 638, 641 (7th Cir. 2007) (noting that contention interrogatories would have been appropriate because "[t]he complaint is a hideous sprawling mess, 40 pages in length with 221 paragraphs of allegations").

The plaintiffs attempt to evade their obligation to provide meaningful answers by offering answers based only on the personal knowledge of plaintiff Shade Swayzer. For example, when asked to "identify all witnesses and identify all documents by Bates-number or deposition transcript citation that you claim support your response," (ECF No. 289 at 4), she responded, "I don't know as I have not seen the discovery or bate-stamped material." (ECF No. 289 at 5.) The defendants asked the plaintiffs to articulate what they believe Kevin Ustby did to violate their civil rights. (ECF No. 289 at 5.) Despite having named him as a defendant, Swayzer responded, "I don't know Kevin Ustby." (ECF No. 289 at 5.)

To the extent the plaintiffs offered answers at all, "[t]he contention interrogatory answers … in this case are simply too evasive to be helpful to the resolution of the dispute. They do not in any manner assist in 'paring down' what pieces of evidence are relevant to particular claims." *Burnett & Morand P'ship v. Estate of Youngs*, No. 3:10-cv-3-

RLY-WGH, 2011 U.S. Dist. LEXIS 36916, at *9 (S.D. Ind. Apr. 4, 2011). "[A] party cannot refuse to answer an interrogatory merely on the ground that the information sought is solely within the knowledge of his attorney." *Priddy v. Health Care Serv. Corp.*, No. 14-cv-3360, 2016 U.S. Dist. LEXIS 147126, at *10 (C.D. Ill. Oct. 25, 2016). "A party must disclose in answers to interrogatories information in his attorney's possession, even though it may not have not been transmitted to a party." *Id*.

Thus, responding to a contention interrogatory is, at least in part, an obligation of counsel. "An attorney who is faced with 'contention' type discovery must identify the witnesses and documents he/she has marshaled in a way to support his/her client's position and to help illuminate the issues to be resolved as the responses and answers are due." *Burnett & Morand P'ship*, 2011 U.S. Dist. LEXIS 36916, at *10. Accordingly, the court rejects the plaintiffs' argument that the responses are sufficient because they reflect the extent of Swayzer's personal knowledge. Thus, the court turns to the plaintiffs' contention that the information sought is protected work product.[1]

Contention interrogatories generally do not invade the work product protection. *Rusty Jones, Inc. v. Beatrice Co.*, Case No. 89 C 7381, 1990 U.S. Dist. LEXIS 12116, at *3 (N.D. Ill. Sep. 11, 1990). In part, that is because the work product doctrine does not protect underlying facts from disclosure. *Patrick v. City of Chi.*, 111 F. Supp. 3d 909, 915

---

[1] The plaintiffs offered various other objections in response to the interrogatories. They do not address these in response to the motion to compel. Therefore, the plaintiffs have waived these objections and the court will not consider them further.

8

(N.D. Ill. 2015) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)). However, there are limits. *Norwood v. Radtke*, No. 07-cv-624-bbc, 2008 U.S. Dist. LEXIS 108765, at *5 (W.D. Wis. Feb. 26, 2008) (noting that a party cannot, by way of a contention interrogatory, demand a copy of opposing counsel's file); *Fridkin v. Minn. Mut. Life Ins. Co.*, No. 97 C 0332, 1998 U.S. Dist. LEXIS 1017, at *13 (N.D. Ill. Jan. 28, 1998) (noting that a contention interrogatory cannot be used to compel counsel to disclose legal authority for a claim).

The party invoking the work product protection bears the burden of establishing that it applies. *Towne Place Condo. Ass'n v. Phila. Indem. Ins. Co.*, 284 F. Supp. 3d 889, 899 (N.D. Ill. 2018). "Blanket claims of privilege or conclusory assertions are insufficient to carry the burden." *Id*. The plaintiffs offer little in the way of argument to support their claims of work product and thus fail in their burden to invoke the doctrine's protections.

Overall, the court finds that the County defendants' interrogatories (ECF No. 289) present fairly ordinary contention interrogatories. Therefore, the court will grant the County defendants' motion to compel and order the plaintiffs to provide full and complete answers to each of the County defendants' interrogatories.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to compel (ECF No. 280) is **denied**.

**IT IS FURTHER ORDERED** that the County defendants' motion to compel (ECF No. 288) is **granted**. The plaintiffs shall answer the County defendants' interrogatories (ECF No. 289) *in full* within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that within seven days of this order, counsel for the Milwaukee County defendants shall submit a statement as to the reasonable expenses, including attorney's fees, incurred in opposing the plaintiffs' motion to compel and in pursuing their own motion to compel. The plaintiffs shall respond within seven days thereafter.

**IT IS FURTHER ORDERED** that the Milwaukee County defendants' motion to compel (ECF No. 282) is **dismissed as moot**, having been withdrawn by the defendants (ECF No. 287).

Dated at Milwaukee, Wisconsin this 3rd day of May, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge