IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF LALIAH SWAYZER, *et al.*,

            Plaintiffs,

v.                                       Case No. 16-CV-1703

DAVID A. CLARKE, JR., *et al.*,

            Defendants.

---

**COUNTY DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO REPRIMAND ATTORNEY GENDE**

---

Defendants Milwaukee County, Kimberly Witkowiak, Keziah Love, Terina Cunningham, Jeff Andrykowski, and Wisconsin County Mutual Insurance Company (collectively, "the County Defendants") submit this brief in support of their motion pursuant to General L.R. 83(d) for an order reprimanding Attorney James Gende for engaging in professional misconduct, directing Mr. Gende not to engage in further conduct in violation of the Wisconsin Supreme Court Rules, and awarding the County Defendants' actual attorneys' fees associated with this motion.

## ARGUMENT

On February 27, 2019, Fox 6 News Milwaukee aired a 7-minute story critical of the former leadership of the Milwaukee County Jail. *See* Knott Decl., Dkt. 270-1, Ex. A at 1-8 (Bryan Polcyn and Stephen Davis, "'We're not a perfect organization:' Inmate deaths lead to demise of hand-picked female warden", Fox 6 Now, posted 9:05 p.m., February 27, 2019, *available at*: https://fox6now.com/2019/02/27/were-not-a-perfect-organization-inmate-deaths-lead-to-demise-

1

of-hand-picked-female-warden/.[1]). The story featured Attorney James Gende as the primary on-camera source and referenced litigation arising out of incidents at the Jail, including this lawsuit. An image of the complaint in this matter was broadcast, as were portions of video-recorded depositions conducted in this litigation. The story levels criticism at former Jail Commander Nancy Evans and former Sheriff David Clarke, Jr., including Mr. Gende's comments suggesting Ms. Evans was unqualified for her position and engaged in criminal conduct by destroying evidence. The story as broadcast remains available for viewing at the Fox 6 News website, as does an accompanying written report that quotes Mr. Gende and features links to the transcript of Ms. Evans' deposition in this case, which Mr. Gende provided to the media. *See* Knott Decl., Dkt. 270-1, Ex. B at 9.

Mr. Gende encouraged and facilitated media coverage critical of Mr. Clarke and Ms. Evans while representing plaintiffs in two lawsuits against them, both of which are pending in this Court. *See Shade Swayzer et al. v. David A. Clarke, Jr.,* E.D. Wis. No. 2:16-cv-1703-PP-WED; *Estate of Kristina Ann Fiebrink v. Armor Correctional Health Services, Inc., et al.*, E.D. Wis. No. 2:18-cv-00832-JPS-NJ. He certainly was aware that a third lawsuit was pending in this Court against Mr. Clarke and Ms. Evans related to incidents at the Jail, yet commented publicly on that matter as well. *See Estate of Terrill J. Thomas v. Milwaukee County,* E.D. Wis. No. 17-cv-1128-PP. He has prejudiced the County Defendants' ability to obtain a fair and impartial jury trial by commenting on the "character, credibility, reputation or criminal record" of a party and witness in violation of Wisconsin Supreme Court Rule 20:3.6(a). His failure, once again, to respect minimal standards

---

[1] The County Defendants are not able to submit the video itself as an exhibit. The video is embedded in the website and is not capable of being downloaded for reproduction.

of the legal profession in a matter pending before this Court requires the Court's admonition and sanctions.

1. **The Court is Authorized to Reprimand and Sanction Attorney Misconduct**.

General Local Rule 83(d) provides that "[a]ttorneys practicing before this Court are subject to the Wisconsin Rules of Professional Conduct for Attorneys." The same rule provides that "any attorney who violates those standards of conduct may be barred from practice before this Court, suspended from practice for a definite time, reprimanded, or subjected to such other discipline as the Court may deem proper."

The Court is well justified and within its power to sanction an attorney who engages in media commentary in violation of his professional responsibilities. *See* Gen. L.R. 83(d); *see also Sheppard v. Maxwell,* 384 U.S. 333, 362-63 (1966) ("Collaboration between counsel and the press as to information affecting the fairness of a criminal trial is not only subject to regulation, but is highly censurable and worthy of disciplinary measures."). In addition, the Court has authority to direct counsel to refrain from future media comments. *See Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1074 (1991) ("[T]he speech of lawyers representing clients in pending cases may be regulated under a less demanding standard than that established for regulation of the press."). Both remedies are necessary and appropriate here.

Mr. Gende's dissemination of and public comment on inadmissible evidence is particularly problematic. He commented on criminal charges filed against Ms. Evans, associating those charges with this case, and disseminated the video recordings and transcripts of her and Mr. Clarke's deposition testimony in a context where he knew they included inadmissible evidence and would be publicized. Those materials remain available online for viewing by the jury both

3

before and during trial, prejudicing the Defendants and effectively depriving the Court of the ability to rule on admissibility of prejudicial evidence.

Beyond mere publication of inadmissible evidence, Mr. Gende has aired his view of the case in a public forum. Neither the Court nor defense counsel can effectively or ethically respond. The harm is significant and cannot be undone. *See Gentile,* 501 U.S. at 1074 (noting that "[e]xtrajudicial comments on, or discussion of, evidence which might never be admitted at trial and *ex parte* statements by counsel giving their version of the facts obviously threaten to undermine [the] basic tenet" of trial by jury.).

**2. Attorney Gende's Conduct Violates Wisconsin Supreme Court Rule 20:3.6.**

Wisconsin Supreme Court Rule 20:3.6 provides, in relevant part:

Trial publicity

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer **knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter**.

(b) A statement referred to in par. (a) ordinarily is likely to have such an effect when it refers to a civil matter triable to a jury, a criminal matter, or any other proceeding that could result in deprivation of liberty, and the statement relates to:

>   (1) the ***character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness***, or the identity of a witness, or ***the expected testimony of a party or witness***;

…

>   (3) the performance or results of any examination or test or the refusal or failure of a person to submit to an examination or test, or the identity or nature of physical evidence expected to be presented;

…

>   (5) information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudicing an impartial trial….

4

(Emphasis added).

Mr. Gende is a "lawyer who is participating or has participated in the investigation of a matter" within the meaning of paragraph (a). In fact, Mr. Gende is not only counsel of record in this matter, he is also counsel of record in a second matter referred to in the news report. *See Estate of Kristina Ann Fiebrink v. Armor Correctional Health Services, Inc., et al.*, E.D. Wis. No. 2:18-cv-00832-JPS-NJ.

Mr. Gende's comments also address the "character, credibility, reputation [and] criminal record" of a party or witness within the meaning of paragraph (b)(1). He directly criticized Mr. Clarke, against whom he was prosecuting two lawsuits, on the topic of the lawsuits—his management and supervision of the Jail—and connected the criticism to the lawsuits through his statements. For example, he commented on then-Sheriff Clarke's decision to appoint Ms. Evans to leadership of the Jail, "And the question remains, why? We have a problem in the jail where you then put in charge a individual [sic] with little to no experience to be in command in a correctional setting." *See* Knott Decl., Dkt. 270-1, Ex. A at 4 of 9.[2]

Mr. Gende directly criticized Ms. Evans while prosecuting a lawsuit against her in *Fiebrink*, 18-cv-832, Dkt. 57 (Amended Compl., 10/16/18), and seeking to add her to this lawsuit by virtue of a then-pending motion to amend the complaint. *See* Motion for Leave to File Fourth Amended Compl., Dkt. 263 (2/4/19). The media report noted that Ms. Evans gave deposition testimony in this case before raising any concerns about her competency, which was followed in

---

[2] After the County Defendants informed the Court of Mr. Gende's public comments, Plaintiffs stipulated to Mr. Clarke's dismissal. *See* Order Approving Dismissal, Dkt. 309 (6/6/19). Similarly, they removed Ms. Evans from their Fourth Amended Complaint after the Court commented on the apparent inappropriateness of Mr. Gende's public comments concerning her. (Fourth Am. Compl., Dkt. 313, fn. 1 at page 2 (6/26/19)). Regardless, Plaintiffs continue to assert *Monell* and negligence claims accusing Jail administrators of unconstitutional conduct and incompetence (*see, e.g., id.* at ¶¶ 139, 164) and both Mr. Clarke and Ms. Evans will be witnesses whose testimony is likely to be required at trial. Wisconsin Supreme Court Rule 20:3.6 prohibits commentary on the credibility, reputation or anticipated testimony of witnesses.

5

the report by Mr. Gende's comment, "If she wasn't competent to proceed with her criminal case, how was she competent to be running a jail?" Knott Decl., Dkt. 270-1, Ex. A at 7 of 9. Mr. Gende's statement is both a public commentary on the character and credibility of a party/witness as well as a pre-lawsuit comment on her testimony in the matter, which he offered the media for publication. The Court is not likely to allow evidence of Ms. Evans' mental health in 2019 as suggesting she was not capable of administering the Jail in 2016, yet Mr. Gende has made that argument to the public in a manner that could only be intended to impact the jury pool. His comments are quite obviously the type of arguments about a witnesses' "character, credibility and reputation" that Rule 20:3.6 seeks to address. Mr. Gende blithely ignored his professional obligations and should be sanctioned.

### 3. The Court's Reprimand, Instruction to Mr. Gende to Desist, and Award of Costs is Appropriate.

The Court need not find that the County Defendants' prospects at trial have been detrimentally impacted by Mr. Gende's media comments. The ethical prohibition on pre-trial discussion of certain topics *presumes* that prejudice will result. *See* Wis. SCR 20:3.6(b)(providing that prejudice to litigant from public comments on the "character, credibility, reputation, and criminal record" of a party or witness is presumed). A witness or party that is subject to an attorney's pretrial comments about her character or credibility, for example, is not required to prove the actual impact of the statements on potential jurors or demonstrate a likely connection to the outcome of the trial. Rather, the rule defines certain topics that are off limits to litigants with the expectation that ethical counsel will respect the rule. Mr. Gende fell below that expectation and the Wisconsin Supreme Court Rule presumes it has damaged his adversaries.

The remedy addressing the conduct needs to recognize Mr. Gende's apparent disregard for the standards of the profession and the Court. He has repeatedly demonstrated an inability to

6

control his behavior and a lack of respect for litigants and witnesses in matters before this Court. Judge Randa sanctioned Mr. Gende in January 2015 for conduct he found to be "belligerent" and lacking in "[c]ommon sense and common courtesy." *See Estate of Perry v. Wenzel,* E.D. Wis. No. 2:12-cv-00664-JPS, Decision and Order, 1/26/15, Dkt. 76. The Court sanctioned Mr. Gende again in May 2016 for "repetitive, abusive, and argumentative" questioning of defense witnesses. *Estate of Perry v. Wenzel,* 185 F.Supp. 3d 1087, 1011 (E.D. Wis. 2016). The Court sanctioned him a third time for his outburst in a deposition conducted in this matter. *See* Court Minutes and Order, Dkt. 111 (11/29/17).[3]

Each of Mr. Gende's three (3) prior sanctions involved the same target as his conduct here: Milwaukee County and its employees. The County is entitled to both its own counsel and an expectation of professionalism from those who prosecute lawsuits against it. The County's hands are tied without the Court's assistance. The Court must recognize the pattern of unprofessional behavior and address it.

Mr. Gende has previously claimed provocation and loss of self-control "in the heat of the moment" for his lapses. Those excuses were inadequate in the context of the several other instances in which the Court was forced to address his conduct and they provide no justification for this conduct. A request for a media interview about pending cases should have prompted some consideration of his ethical obligations. Mr. Gende's conduct here can only be attributed to an astounding inability to appreciate his professional responsibility or a blatant disregard for it. Either

---

[3] In an Order dated February 5, 2018, Magistrate Duffin found "cause to conclude that the Plaintiffs violated Federal Rule of Civil Procedure 11(b)(1); *see also* 28 U.S.C. § 1927 (counsel's liability for excessive costs)" after Attorney Gende caused the County Defendants to incur costs needlessly by filing an unnecessary discovery motion against the County. *See* Order, Dkt. 154 (2/5/18). The sanction would have been the Court's second in this case and at least his fourth in this District. Judge Duffin entered a show cause order, then withdrew the order without comment the next day. *See* Text Only Order, Dkt. 155 (2/6/18).

7

way, a decisive and severe sanction is necessary to protect and promote professionalism before the Court.

## CONCLUSION

Attorney Gende should be reprimanded for his extrajudicial media statements consistent with General Local Rule 83(d) ("any attorney who violates those standards of conduct may be…reprimanded, or subjected to such other discipline as the Court may deem proper.").

In addition, Mr. Gende should be instructed to refrain from further media comments on this matter that may violate Wisconsin Supreme Court Rule 20:3.6. He has unfortunately demonstrated a lack of familiarity or respect for the Rule, thus requiring the Court's admonition going forward.

Finally, an order requiring Mr. Gende to pay the County Defendants' costs and fees associated with this motion should be granted.

Respectfully submitted,

**LEIB KNOTT GAYNOR LLC**

Dated: July 3, 2019

By: */s/ Douglas S. Knott*
Douglas S. Knott, SBN 1001600
Charles R. Starnes, SBN 1113293
Attorneys for County Defendants
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone (414) 276-2102
Fax (414) 276-2140
Email: dknott@lkglaw.net
cstarnes@lkglaw.net