UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF LALIAH SWAYZER, *et al*,

    Plaintiff,

v.                                              Case No. 16-cv-1703-pp

DAVID A. CLARKE, JR., *et al.*,

    Defendant.

---

**ORDER REQUIRING DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC. TO AMEND ITS MOTION TO RESTRICT DOCUMENTS (DKT. NO. 352)**

---

On August 19, 2019, Defendant Armor Correctional Health Services, Inc. filed a motion for summary judgment. Dkt. No. 349. In support of that motion, Armor filed two declarations: one by Kayla McCullough, dkt. no. 358, and one by Emery K. Harlan, dkt. no. 367. The defendant attached several exhibits to each declaration, many of which consist solely of excerpts from deposition transcripts. Armor moved to restrict some of these exhibits on the grounds that they either are subject to the protective order (dkt. no. 44) or that they "contain Plaintiff Shade Swazyer's medical records." Dkt. No. 352.

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." In re Specht, 622 F.3d 698, 701 (7th Cir. 2010) (citing Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002)). The parties' interest in exchanging documents privately does not trump the requirement that a judge must determine whether there is good cause to seal a document filed on the public record. See, *e.g.*, Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th

Cir. 1999); Baxter, 297 F.3d 698; Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000) (collecting cases). General Local Rule 79(d)(3) (E.D. Wis.) requires that "[a]ny motion to seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."

Armor's motion does not provide facts explaining why the exhibits to the declarations should be restricted. Armor says only that either (1) Armor previously marked these documents as "CONFIDENTIAL," or (2) the documents contain plaintiff's medical records. A cursory review shows that most of the documents are excerpts from deposition transcripts, not medical records, so it appears that Armor asks that most of the documents be restricted because they have been designated confidential under the protective order. That isn't enough. Armor must do more than simply assert that it has "good cause to maintain the confidential nature of the documents at issue." Dkt. No. 352 at ¶6. Armor must provide facts showing good cause for restricting the documents from public view, beyond the fact that the parties have agreed to exchange them under cover of a protective order.

The court **ORDERS** defendant Armor Correctional Health Services, Inc. to amend its motion to restrict, dkt. no. 352, to include facts demonstrating good cause.

Dated in Milwaukee, Wisconsin this 8th day of October, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**