**THE ESTATE OF LALIAH SWAYZER,**
**SHADE SWAYZER,**
**DIANE RUFFIN,** and
**CHARLENE RUFFIN,**

          Plaintiffs,                    **CASE NO. 16CV1703**

v.

**DAVID J. CLARKE JR.,**
**KIMBERLY WITKOWIAK,**
**KEVIN UTSBY,**
**KEZIAH LOVE,**
**T. CUNNINGHAM,**
**JEFF ANDRYKOWSKI,**
**PAUL HEIN,**
**MILWAUKEE COUNTY,**
**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,**
**ARMOR CORRECTIONAL HEALTH SERVICES, INC.,**
**DR. MAUREEN WHITE,**
**DR. RONQUILLO-HORTON,**
**N.P. KATHERINE MEINE,**
**DR. GINA NEGRETTE,**
**R.N. FREDRICK PORLUCAS,**
**DR. TURAY GULSEN,**
**EVANSTON INSURANCE COMPANY,** and
**WISCONSIN HEALTH CARE LIABILITY INSURANCE PLAN,**

          Defendants.

### DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S AMENDED RULE 79(D) MOTION TO RESTRICT ACCESSS TO CERTAIN MATERIALS FILED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

      Defendant Armor Correctional Health Services, Inc. ("Armor"), by and through its attorneys, amends its Rule 79(D) motion (Dkt. no. 352) to restrict access to a number of documents filed in support of Defendant's Motion for Summary Judgment on August 19, 2019 to the Court

and parties, as specified below. Specifically, Armor amends its motion in paragraphs 5(a) through 5(w) below to include the bases for restricting access to the identified documents.

1. While the public generally has a right to access public records, the right of public access to court records and filings is not absolute, and the trial court retains the right and discretion to curtail public access when warranted. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-599 (1978). This Court, recognizing its discretion in this area, allows parties to request that the Court seal or restrict court records or documents to protect the parties' own interests or the interest of third parties. *See E.D. Wis. Gen. L.R. 79(d); Ratajczak v. Beazley Solutions Ltd.*, Case No. 13-C-045, 2013 U.S. Dist. LEXIS 180988, at **2-3 (E.D. Wis. Dec., 23, 2013). For a court to grant a motion to seal or restrict, the party that seeks to seal or restrict access to documents only needs to demonstrate a privacy interest or good cause that overrides the public's interest in having this access. *See Cnty. Mat'ls Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

2. Personal health information is one such overriding privacy interest, and courts regularly find that "good cause" exists to protect patients' personal health information from disclosure. *See Chapman v. Raemisch,* Case No. 05-C-1254, 2009 U.S. Dist. LEXIS 13276, at *19 (E.D. Wis. Feb. 20, 2009) (sealing "certified medical records";) *EEOC v. Orion Energy Sys.,* Case No. 14-CV-619, 2015 U.S. Dist. LEXIS 86428, at *11 (E.D. Wis. July 2, 2015) (sealing documents containing "personal, confidential information regarding [a patient's] medical condition".)

3. Courts within this Circuit have specifically recognized that it is reasonable to shield confidential patient information from public access. *See FTC v. OSF Healthcare Sys.,* Case No. 11 C 50344, 2012 U.S. Dist. LEXIS 48068, at *11-13 (N.D. Ill. 2012); *In re Northshore Univ. Healthsystem,* 254 F.R.D. 338, 342 (N.D. Ill. 2008); *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.,* Case No. 08-C-0953, 2009 U.S. Dist. LEXIS 105078, at *3-5 (E.D. Wis. Oct. 22, 2009).

2

4. In this case, a Protective Order was entered by the Court on July 11, 2017 and is currently in place. ***Dkt. No. 44.*** Under this Protective Order, a party must file any document produced and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under seal. *Id.,* at page 7.

5. The following documents that are being attached as Exhibits to materials in support of Defendant's August 19, 2019 Brief in Support of Motion for Summary Judgment were all either designated by Defendant as "CONFIDENTIAL," pursuant to the Protective Ordered mentioned in Paragraph "4," or contain Plaintiff Shade Swayzer's medical records:

   a) A true and accurate copy of the Milwaukee County C/CJIS Housing Assignment History for Shade Swayzer that contains confidential HIPAA protected health information of Shade Swayzer (Harlan Decl. Ex. A);

   b) A true and accurate copy of excerpts of the Plaintiffs['] Answer to Defendants First Set of Written Interrogatories and Request for Production of Documents (Harlan Decl. Ex. C) that contains confidential HIPAA protected health information of Shade Swayzer;

   c) A true and accurate copy of excerpts of the September 7, 2018 deposition of Steven Schmid (Harlan Decl. Ex. E) that contains confidential HIPAA protected health information of Shade Swayzer;

   d) A true and accurate copy of excerpts of the November 9, 2018 deposition of Damon Camarata (Harlan Decl. Ex. F) that contains confidential HIPAA protected health information of Shade Swayzer;

e) A true and accurate copy of excerpts of the August 10, 2018 deposition of Tulay Gulsen, M.D. (Harlan Decl. Ex. G) that contains confidential HIPAA protected health information of Shade Swayzer;

f) A true and accurate copy of excerpts of the October 17, 2018 deposition of Mercy Mahaga (Harlan Decl. Ex. H) that contains confidential HIPAA protected health information of Shade Swayzer;

g) A true and accurate copy of excerpts of the October 9, 2017 deposition of Frederick Porlucas (Harlan Decl. Ex. J) that contains confidential HIPAA protected health information of Shade Swayzer;

h) A true and accurate copy of excerpts of the May 15, 2018 deposition of John May (Harlan Decl. Ex. K) that contains confidential HIPAA protected health information of Shade Swayzer;

i) A true and accurate copy of excerpts of the September 6, 2018 deposition of Joel De Witt (Harlan Decl. Ex. L) that contains confidential HIPAA protected health information of Shade Swayzer;

j) A true and accurate copy of excerpts of the May 30, 2018 deposition of Karen Ronquillo-Horton M.D. (Harlan Decl. Ex. M) that contains confidential HIPAA protected health information of Shade Swayzer;

k) A true and accurate copy of excerpts of the May 18, 2018 deposition of Gina Negrette M.D. (Harlan Decl. Ex. O) that contains confidential HIPAA protected health information of Shade Swayzer;

l) A true and accurate copy of excerpts of the May 24, 2018 deposition of Donald Desotell (Harlan Decl. Ex. Q);

m) A true and accurate copy of excerpts of the March 19, 2019 deposition of Shade Swayzer (Harlan Decl. Ex. S) that contains confidential HIPAA protected health information of Shade Swayzer;

n) A true and accurate copy of excerpts of the August 9, 2018 deposition of Maureen White Ph.D. (Harlan Decl. Ex. T) that contains confidential HIPAA protected health information of Shade Swayzer;

o) A true and accurate copy of excerpts of the June 15, 2018 deposition of Katherine Meine (Harlan Decl. Ex. U) that contains confidential HIPAA protected health information of Shade Swayzer;

p) A true and accurate copy of excerpts of the March 28, 2019 deposition of Timothy Ryan (Harlan Decl. Ex. V) that contains confidential HIPAA protected health information of Shade Swayzer;

q) A true and accurate copy of excerpts of the February 14, 2019 deposition of Susi Vassallo, M.D. (Harlan Decl. Ex. W) that contains confidential HIPAA protected health information of Shade Swayzer;

r) A true and accurate copy of excerpts of the November 2, 2018 deposition of Rebecca Goss (Harlan Decl. Ex. X) that contains confidential HIPAA protected health information of Shade Swayzer;

s) A true and accurate copy of excerpts of the October 11, 2017 deposition of Kimberly Witkowiak (Harlan Decl. Ex. Y) that contains confidential HIPAA protected health information of Shade Swayzer;

t) A true and accurate copy of excerpts of the September 19, 2018 deposition of Nancy Evans (Harlan Decl. Ex. Z) that contains confidential HIPAA protected health information of Shade Swayzer;

u) A true and accurate copy of excerpts of the May 11, 2018 deposition of Keziah Love (Harlan Decl. Ex. AA) that contains confidential HIPAA protected health information of Shade Swayzer;

v) A true and accurate copy of excerpts of the April 15, 2019 deposition of Richard Schmidt (Harlan Decl. Ex. BB) that contains confidential HIPAA protected health information of Shade Swayzer; and

w) A true and accurate copy of Ms. Swayzer's Milwaukee County Jail Medical Records (McCullough Decl. Exs. B, D, and F through Y that contains confidential HIPAA protected health information of Shade Swayzer.

6. Defendant asserts that its designation of the documents mentioned in Paragraph "5" which Defendant wishes to have sealed as "CONFIDENTIAL" was appropriate, and that it has good cause to maintain the confidential nature of the documents at issue, pursuant to the Protective Order, and in protection of Plaintiffs' interests in Plaintiff Shade Swayzer's privacy.

7. Defendant also asserts that, if the portions of Plaintiff Shade Swayzer's medical records and medical information which are being filed through the Court's Electronic Case Filing system on August 19, 2019 were not sealed by the Court, they would thus otherwise be accessible to the general public. Defendant thus has good cause to maintain the confidential nature of the documents at issue, in protection of Plaintiffs' interests in Plaintiff Shade Swayzer's privacy.

WHEREFORE, Armor respectfully requests that the Court grant this motion to restrict the viewing of the documents referenced in this Motion, which were filed August 19, 2019, to this Court and the case participants only.

Dated at Milwaukee, Wisconsin this 4th day of November, 2019.

By: */s/ Emery K. Harlan*
Emery K. Harlan
State Bar No. 1000240
Eric L. Andrews
State Bar No. 1068550
735 N. Water Street, Suite 610
Milwaukee, WI 53202
(414) 436-0353 Phone
(414) 436-0354 Facsimile
emery.harlan@mwhlawgroup.com
eric.andrews@mwhlawgroup.com

**COUNSEL FOR DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC.**