**THE ESTATE OF LALIAH SWAYZER**, et al.
    Plaintiffs,

v.

**DAVID A. CLARKE JR.**, et al.
    Defendants.

Case No: 16-CV-1703

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMAY JUDGMENT AS TO CAUSATION REGARDING THE DEATH OF LALIAH SWAYZER

Plaintiffs, Shade Swayzer ("Swayzer") and the estate of Laliah Swayzer ("Laliah") by their attorneys, JUDGE, LANG & KATERS, S.C., oppose Defendants' Motion for leave to file a Sur-reply brief in support of Defendants' Motion for summary judgment as to causation regarding the death of Laliah Swayzer. (D. 464).

On May 29, 2019, the Defendants filed their Motion for Summary Judgment as to Causation Regarding the Death of Laliah Swayzer. (D. 300). On August 19, 2019 Plaintiffs filed their response in opposition to causation summary judgment. (D. 377). Additionally on August 19, 2019, the Defendants filed six separate motions for summary judgment in addition to their previously filed motion on causation. (D. 336; 342; 349; 353; 364; 382). On September 2, 2019, the Defendants filed their reply Brief in support of their summary judgment on causation motion. (D. 398). On October 21, 2019, the Plaintiffs filed their responses to the six individual summary judgment motions. In support of those responses to summary judgment, Plaintiffs filed a declaration of expert witness, Dr. Susi Vassallo. (D. 433). On November 25, 2019, the defendants individually filed their reply briefs in support of their individual motions for summary judgment.

Considering the multiple motions for summary judgment, response briefs, reply briefs, joinder motions, and motions to bar Plaintiffs' testimony, the parties have submitted a staggering

amount of pages devoted to summary judgment briefing. In total, Defendants have briefed a combined 379 pages regarding summary judgment.[1] The Defendants now jointly request an additional opportunity to add even more pages of argument.

Despite the Plaintiffs clearly filing Dr. Vassallo's declaration in support of their responses to the individual motions for summary judgment, the Defendants argue this filing was actually in response to the Defendants' previous joint motion for causation. The Defendants provide no support and misrepresent that Dr. Vassallo's declaration only addresses arguments raised in Defendants' joint motion for Summary Judgment on causation instead of the individual motions for summary judgment:

> Dr. Vassallo's declaration addresses arguments raised in the defendants' joint motion for summary judgment on causation as opposed to the summary judgment motions brought by the individual defendants.
>
> As Dr. Vassallo's declaration addresses arguments raised in the defendants' joint motion, the defendants should be allowed the opportunity to address Dr. Vassallo's declaration which was filed after the various briefing deadlines pertaining to the defendants' joint motion has passed.
>
> (D. 464:2).

These statements are misrepresentations of the pleadings and the arguments actually addressed in the individual motions for summary judgment. Three of the individual motions for summary judgment argued in detail that the Plaintiffs have not met the causation element of their constitutional or state law claims. (*See* D. 337: 28-29; D. 350: 2-3, 9-10 24-26, 29; D. 355: 2, 17-18, 26, 29, 38-39, 47, 52, 53, 61). The Defendants argued that both Laliah and Swayzer's injuries were

---

[1] All defendants have joined the brief and initial reply brief in support of summary judgment on causation totaling 41 pages. (D. 300; 389). Defendant Negrette has submitted an additional 46 pages. (D. 337; 453). Defendant Horton has submitted an additional 38 pages. (D. 343; 446). Defendant Armor Correctional has submitted an additional 46 pages. (D. 350; 456). Milwaukee County Defendants have submitted an additional 99 pages. (D. 355; 489). Defendant Evanston Insurance Company has submitted an additional 14 pages. (D. 365; 452). Defendant Porlucas has submitted an additional 43 pages. (D. 127; 163). Defendants Gulsen, White, and Meine have submitted an additional 44 pages. (D. 383; 462). Defendant Schmid has currently submitted an additional 8 pages. (D. 480).

not caused by the Defendants' actions countless times in their individual briefs and now assert that a declaration addressing the issue of causation cannot be related to these pleadings. This is absurd. The Defendants attempt to dictate which brief the Plaintiffs are allowed to make arguments in response to.

Dr. Vassallo's declaration was made is support of both Swayzer and Laliah's responses to the individual summary judgment motions. Specifically, it addresses how Laliah was progressing in her mother's womb. (D. 433: 1-2). Causation is a singular element of Swayzer and Laliah's constitutional and state law claims. Plaintiffs' cited directly to Dr. Vassallo's declaration in order to properly address the broad issue of causation and the arguments made in the Defendants' individual briefs for summary judgment. (See, D. 421: 1, 43, 46, 55).

Attempting to isolate causation regarding Laliah's death from the other required elements makes no rational sense other than to circumvent pleading length restrictions on summary judgment. The Defendants each had an opportunity to address Dr. Vassallo's declaration and the Plaintiffs' response briefs in full. The Defendants' unnecessary bifurcation of their summary judgment pleadings should not be rewarded with an additional opportunity for sur-reply. Each Defendant filed a reply brief after Dr. Vassallo's declaration was submitted. As such, Defendants should not be allowed an additional sur-reply.

As the Defendants have already had sufficient opportunity to reply and address Dr. Vassallo's declaration and arguments in their individual reply briefs, no plausible reason exists to allow the Defendants an opportunity to tack on additional, unnecessary pages of argument. The Defendants request is unwarranted as no good cause exists. For these reasons, the Plaintiffs' respectfully request that the Court deny the Defendants' motion for leave to file a sur-reply regarding summary judgment on causation.

Dated at Wauwatosa, Wisconsin this 16th day of December 2019.

          Respectfully Submitted,

          Judge, Lang & Katers, LLC
          By: s/ David J. Lang
          David J. Lang (SBN: 1067557)
          JUDGE LANG & KATERS, LLC.
          8112 W. Bluemound Road, Ste. 101
          Wauwatosa, WI 53213
          P: (414) 777-0778
          F: (414) 777-0776
          dlang@jlk-law.com
          Attorneys for Plaintiffs