UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF LALIAH SWAYZER,
SHADE SWAYZER, DIANE RUFFIN,
and CHARLENE RUFFIN,

      Plaintiffs,

  v.

                                  Case No. 16-cv-1703-pp

ARMOR CORRECTIONAL SERVICES, INC.,
KIMBERLY WITKOWIAK, KEZIAH LOVE,
TERINA CUNNINGHAM, JEFF ANDRYKOWSKI,
WISCONSIN COUNTY MUTUAL INSURANCE CORP.,
DR. MAUREEN WHITE, DR. KAREN RONQUILLO-HORTON,
NP KATHERINE MEINE, DR. GINA NEGRETTE,
RN FREDERICK PORLUCAS, DR. TURAY GULSEN,
WISCONSIN HEALTH CARE LIABILITY INSURANCE PLAN,
AMIKA AVERY, DIEDRE ADAMS, and STEVEN SCHMID,

      Defendants.

---

**ORDER AWARDING COSTS IN CONNECTION WITH ORDER PARTIALLY GRANTING MOTION FOR SANCTIONS (DKT. NO. 111)**

---

On October 17, 2017, the County Defendants filed a motion for sanctions against plaintiffs' counsel James Gende for conduct that occurred during the deposition of defendant Terina Cunningham. Dkt. No. 69. The same day, defendant Armor filed a motion asking the court to stay depositions and issue an order protecting witnesses; this motion again was based on Attorney Gende's conduct at the Cunningham deposition. Dkt. No. 72. On November 29, 2017, the court conducted a hearing on these motions. Dkt. No. 111. It agreed to impose sanctions against Gende, to the extent that it terminated Ms. Cunningham's deposition and agreed to impose costs. Id. It directed the

1

defendants to submit a joint bill of costs by December 22, 2017 and allowed Attorney Gende to respond by January 10, 2018. Id.

The defendants filed their joint bill of costs on December 22, 2017, dkt. no. 120; the plaintiffs filed their opposition on January 10, 2018, dkt. no. 142; counsel for Armor filed a supplemental declaration on January 16, 2018, dkt. no. 144; counsel for the County Defendants filed a supplemental declaration on January 18, 2018, dkt. no. 145; and on March 5, 2018, counsel for Armor filed yet another supplemental declaration, dkt. no. 179.

For reasons wholly attributable to the court—indeed, to the undersigned judge—the court did not timely rule on the bill of costs. Not even remotely timely. In fact, counsel for the County Defendants had to gently remind the court at a hearing on December 5, 2019 that the issue remained unresolved. Dkt. No. 488. Several days later, counsel for Armor filed a letter, informing the court that Armor no longer was seeking an award of fees and costs regarding the incident at the deposition. Dkt. No. 478.

The County Defendants submitted their bill of costs and a declaration from counsel by the deadline the court set. Dkt. Nos. 122, 122-1. The plaintiffs objected, arguing that counsel's declaration did not list the number of hours worked, the hourly rate charged, billing invoices, information about the normal billing rate in the community and other information one would expect to see in a declaration in support of an award of fees and costs. Dkt. No. 142. They also argued that it would not be fair to allow the County Defendants to supplement the declaration, because they would have no ability to respond to a

2

supplement. Id. at 9. The County Defendants nonetheless submitted a supplemental declaration that addressed all the criticisms in the plaintiffs' objection. Dkt. No. 145.

The court disagrees that allowing the County Defendants to supplement is unfair. If the plaintiffs felt that the supplemental information was insufficient, they could have asked leave to file a sur-reply, given that the supplement contained new information. The court suspects that the reason they didn't seek that leave is because the supplemental declaration reflects that counsel for the County Defendants billed at the quite reasonable rate of $175 an hour for lead counsel, $150 per hour for other counsel and $90 per hour for paralegals. Dkt. No. 145 at 1. In the court's experience, these rates are lower than those charged by counsel of similar skill in the Milwaukee area. The plaintiffs also argued that the County Defendants included fees for work that did not involve the termination of Cunningham's deposition. The County Defendants quite correctly responded that this court ordered an award of the fees and costs incurred by bringing the motion for sanctions. Finally, the amount of work reflected in the bill of costs is reasonable; the descriptions of the time entries are sufficient to determine what work was done and the bill provides the time spent on each task.

The court **AWARDS** the County Defendants costs in the amount of $25.34, and fees in the amount of $3,895.50, for a total award of $3,920.84. The court **ORDERS** that the Attorney Gende shall pay the full amount of the fees and costs to Attorney Douglas Knott at Leib Knott Gaynor LLC within sixty

3

(60) days of the date of this order, unless he seeks additional time in writing prior to the expiration of the sixty-day period. The court **REQUESTS** that Attorney Knott notify the court when payment is received.

Dated in Milwaukee, Wisconsin this 9th day of January, 2020.

                                **BY THE COURT:**

                                _____
                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**