UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | January 6, 2020 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cv-1703 |
| CASE NAME: | The Estate of Laliah Swayzer *et al.* v. Milwaukee County, *et al.* |
| NATURE OF HEARING: | Motion Hearing |
| APPEARANCES: | James Gende – Attorney for the plaintiffs |
| | Robert Barnes – Attorney for James Gende |
| | Douglas Knott – Attorney for the defendants |
| COURTROOM DEPUTY: | Chrissy Bongel |
| TIME: | 3:02 P.M. – 3:51 P.M. |

## AUDIO OF THIS HEARING AT DKT. NO. 502

The court noted that it had scheduled today's hearing to hear argument on the County Defendants' motion for sanctions. Dkt. No. 317. The court also noted that at the motion hearing in early December, counsel for the County Defendants had reminded the court that it had not ruled on the bill of costs (Dkt. No. 120) it had submitted in support of the last sanctions motion (Dkt. No. 69); the court told the parties that it was the court's fault that the bill of costs had fallen through the cracks; it assured the parties that it now had reviewed the pleadings and would issue a decision shortly.

As to the most recent sanctions motion, Dkt. No. 317, the court told the parties that it had reviewed the video and the pleadings. The court asked the parties to address why the court, and not the Office of Lawyer Regulation, ought to address the alleged ethical violation. The court reviewed some of the cases it had found when trying to find courts (as opposed to disciplinary bodies) that had imposed sanctions for extra-judicial statements made by lawyers, noting that it had not found many with similar facts. The court cited In re Sommers, 339 Wis.2d 580, but noted that it was a disciplinary decision, not a court-ordered sanction. It also cited United States v. Bingham, 769 F. Supp. 1039, but noted that that case involved extra-judicial statements made on the eve of jury selection.

Defense counsel reminded the court that the issue of Attorney Gende's conduct first had arisen in the context of the plaintiffs' motion to amend the complaint to add one of the individuals about whom Attorney Gende had spoken in the television interview. Defense counsel reported that he had filed a complaint with OLR, which had provided a response that implied OLR thought that because the case was pending before this court, it was up to this court to determine whether to sanction Attorney Gende. Counsel argued that Attorney Gende had sent the video and transcript of Ms. Evans's deposition to the

1

media, knowing that it could be used in a story that would be widely viewed, and argued that this fact could impact jury selection.

Counsel also argued that trial courts have the ability to enforce the rules of professional responsibility, and that this court has a local rule—General L.R. 83(d)—which provided for this court to discipline attorneys who violated the Wisconsin Rules of Professional Conduct. He asserted that there was no question that this court had the authority to enforce those rules, including SCR 20:3.6(a), the rule the defendants alleged Attorney Gende had violated by providing the materials, and giving the interview, to the local television station.

Defense counsel also argued that Attorney Gende had made comments about the mental competencies of Evans, whom the plaintiffs at that time were seeking to add as a defendant. Counsel argued that Attorney Gende knew that this would not be admissible at trial, and that the statements violated SCR 20:3.6(b)(5). He argued that Attorney Gende, while seeking to make Evans a party to the case, had made statements about her criminal case, in violation of 20:3.6(b)(1). Counsel stated that the County Defendants were asking the court to fashion a remedy that would educate Attorney Gende about the importance of adhering to the rules of professional conduct.

Counsel for Attorney Gende argued that disciplinary authorities such as the OLR, not courts, should decide whether sanctions were appropriate for alleged violations of the rules of professional conduct. He argued that sanctioning Attorney Gende for speaking out about the allegations against Milwaukee County Jail staff would amount to chilling his First Amendment rights. Counsel noted that unlike the case the court had mentioned, Attorney Gende had not made these statements on the eve of jury selection; no trial date has been scheduled. Counsel argued that nothing Attorney Gende had said was not already on the public record. As for the possibility that a potential juror might have seen the story, counsel observed that courts instruct jurors not to consider anything they see or hear outside of court as evidence and noted the presumption that jurors follow a court's instructions. Counsel asserted that Attorney Gende did not make any statements about parties or witnesses. He observed that this court had not imposed a gag order, so Attorney Gende's actions did not violate an order of the court.

Defense counsel briefly responded, arguing that this was not a First Amendment issue, but an issue of the court having the authority to require attorneys and parties to adhere to its local rules and to the rules of professional conduct, and to avoid the risk of prejudice and jury taint.

After some consideration, the court denied the County Defendants' motion to impose sanctions. The court noted, however, that one of the

sanctions the County Defendants had requested was for the court to admonish Attorney Gende that he was required to abide by the rules of professional conduct. The court expressed the view that it should not have to make such an admonishment to an officer of this court.

Returning to the issue of the bill of costs regarding the court's imposition of sanctions in response to Dkt. No. 69, Attorney Gende advised the court that Armor had withdrawn its request for costs, and indicated that he would advise the court of the docket number for that document.

The court **DENIES** the County Defendants' motion for sanctions. Dkt. No. 317.

Dated in Milwaukee, Wisconsin this 6th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**