**THE ESTATE OF LALIAH SWAYZER**, et al.
    Plaintiffs,

v.

**Case No: 16-CV-1703**

**DAVID J. CLARKE JR.**, et al.
    Defendants.

## PLANTIFFS' L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR STAY OF PAYMENT OF ATTORNEY FEES/COSTS

Plaintiffs' attorney, James J. Gende II, by his attorneys, BARNES LAW, LLP, respectfully requests a stay of the payment for fees and costs awarded to Leib, Knott and Gaynor on January 9, 2020. (D.499)**.** In support thereof, the plaintiff's attorney states as follows:

### I. FEDERAL COURTS IN THE EASTERN DISTRICT HAVE DELAYED CONSIDERATION AND/OR IMPOSITION OF ATTORNEY FEES/COSTS UNTIL THE "END OF THE CASE."

In the *Estate of Perry v. Milwaukee County, et al.*, 12-CV-664-JPS, Milwaukee County secured a sanctions award against plaintiffs' attorneys exceeding $280,000, where the District Court held:

> The Court noted that the lack of a constitutional duty owed to Perry by the County Defendants was 'known at the outset of discovery in this case, at the latest. Even so, plaintiffs' counsel persisted in years of litigation against the County Defendants with no hope of success.' *Estate of Perry v. Wenzel*, --- F. Supp. 3d ----, 2016 WL 2772193, at *10 (E.D. Wis. May 6, 2016).

(*Estate of Perry*, D.186:2). The District declined to implement a stay pending appeal, stating:

> The standard for granting a stay pending appeal 'mirrors that for granting a preliminary injunction.' *In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). Courts consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other. *Id.* For the reasons already stated, ECF No. 143, the Court considers it unlikely that the plaintiffs will succeed on appeal.

(*Estate of Perry*, D.182:2-3). The Seventh Circuit subsequently vacated the sanctions award in its entirety, while likewise reversing the District Court's grant of summary judgment to the City and County of Milwaukee. *Estate of Perry v. Wenzel*, 872 F.3d 439, 464 (7th Cir. 2017).

After the *Estate of Perry* was remanded to the Eastern District, the Hon. J.P. Stadtmueller was re-assigned as the responsible Court official. Undeterred, Milwaukee County renewed its motion for sanctions, but the District Court declined to consider same at that time:

> 9:06 Attorney Bohl [Milwaukee County's attorney] inquires about briefing on the issue of sanctions; Court instructs that the issue of sanctions will be addressed at the <u>end of the case</u>.

(Gende Decl., ¶2, **Ex.A**)(emphasis added) Ultimately, Milwaukee County abandoned its quest for sanctions and paid Mr. Perry's Estate $950,000 to resolve his constitutional violation claims.

## II. IT IS STANDARD FOR MILWAUKEE COUNTY TO DELAY THE PAYMENT OF SANCTIONS UNTIL THE RESOLUTION OF A CASE.

In a Milwaukee County state court matter being handled by plaintiff's attorney, *Watts-Howell v. Allstate*, et al., 19CV3284, the Hon. Chief Judge Mary E. Triggiano (Gende Decl., ¶3, **Ex.B**), imposed discovery sanctions against defense counsel and awarded attorney fees. (Gende Decl., ¶4, **Ex.C**) However, Chief Judge Triggiano delayed the payment of costs and fees to "30 days after the resolution" of the matter. *Id.* at page 3.

Here, the Court indicated payments shall be made within "sixty (60) days of the date of this order, unless [plaintiff's attorney] seeks additional time in writing prior to the expiration of the sixty-day period." (D.499:3-4). Plaintiffs' attorney is seeking additional time per this motion in the interest of justice and the likelihood that this matter, amongst others in this case, will likely be appealed in the Seven Circuit absent resolution by settlement. Considering Milwaukee County's prior award of sanctions exceeding $280,000 in the *Estate of Perry* was vacated in its entirety on appeal, abandoned on remand, and Milwaukee County ultimately paid Mr. Perry's Estate $950,000, the Court's

extension of payment to the resolution of a case that is now pending nearly four years, preserves the status quo, protects the parties' interests, and does no harm to the public interest.

### III. CONCLUSION

WHEREFORE, the Plaintiffs' attorney respectfully requests this Court delay the payment of the awarded fees/costs until 30-days after the resolution of this matter.

Respectfully submitted this 3rd day of March, 2020.

> s/ Robert E. Barnes
> BARNES LAW
> 601 South Figueroa Street, Ste. 4050
> Los Angeles, CA 90017
> 213.330.3341
> robertbarnes@barneslawllp.com
> Attorneys for Plaintiffs